Jimmie D. Sams, defendant-appellant, appeals his convictions entered upon a jury verdict in the Franklin County Court of Common Pleas for eight counts of rape, a violation of R.C.2907.02. We affirm appellant's convictions and affirm in part and reverse in part appellant's sentence.
On March 5, 1997, a grand jury returned a twelve-count indictment against appellant. Counts one, two, and four alleged that appellant purposely compelled a person ("the victim") to submit by force or threat of force to have sexual contact with appellant, which constitutes gross sexual imposition pursuant to R.C. 2907.05. Counts three and five through twelve alleged that appellant purposely compelled the victim to submit by force to engage in sexual conduct with appellant, which constitutes rape pursuant to R.C. 2907.02. Counts 1 through 6 also alleged that the victim was less than thirteen years of age when the acts occurred. Counts 1 through 8 alleged that the offenses were committed prior to July 1, 1996, and Counts 9 through 12 alleged that the offenses were committed after July 1, 1996.
Prior to appellant's trial, Count 1 of the indictment was dismissed. Counts 3 and 4 of the indictment were also dismissed. The remaining nine counts of the indictment were renumbered one through nine, with Count 2 of the indictment being numbered Count 1 and Counts 5 through 12 being numbered Counts 2 through 9.
On May 8, 1998, a jury found appellant guilty of rape as stated in Counts 2 through 8. The jury also found appellant not guilty in Count 1 for gross sexual imposition. The trial court sentenced appellant to life imprisonment for Counts 2 and 3, ten to twenty-five years imprisonment for Counts 4 and 5, and ten years imprisonment for Counts 6 through 9. The court also found that the eight counts were to run consecutive to each other. Appellant appeals his convictions and sentence, and presents the following three assignments of error:
Assignment of Error One
 THE TRIAL COURT COMMITS ERROR BY PERMITTING THE OPINION TESTIMONY OF A NON-EXPERT WITNESS.
Assignment of Error Two
 THE TRIAL COURT COMMITS ERROR BY FAILING TO ACQUIT THE APPELLANT WHEN THE NECESSARY ELEMENT OF FORCE IS NOT PRESENT IN THE FACTS PRESENTED AT TRIAL.
Assignment of Error Three
 THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY. THIS DENIED APPELLANT A FAIR TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
Appellant argues in his first assignment of error that the trial court erred in permitting the "opinion testimony" of nonexpert witnesses Tonya Purcell and Detective Mark Annen. The victim was placed in the foster care of Purcell shortly after she told the police that appellant was sexually abusing her. Detective Annen was involved with the investigation of the victim's allegations that appellant sexually abused her.
Appellants argument that Purcell gave opinion testimony is based upon the following rationale: Since Purcell testified that ninety-eight percent of the children placed with her were sexually abused, and the victim was placed with Purcell; Purcell was actually giving an expert opinion that appellant sexually abused the victim. Appellant similarly claims that since Detective Mark Annen testified that he typically makes a determination whether "it was a legitimate and truthful complaint or allegation, whether or not criminal charges were actually required" based upon information he collects, and the jury knew that appellant was arrested; Detective Annen was actually giving an expert opinion that he believed the victim's claim that appellant sexually abused her.
First, the record also shows that neither Purcell nor Detective Annen gave an opinion concerning whether appellant sexually abused the victim. Second, a review of the record shows that appellant's counsel did not object to the alleged errors within Purcell's or Detective Annen's testimony during the trial. Failure to object to an error in the trial court in a criminal proceeding precludes the issue from being raised on appeal, unless the issue rises to the level of plain error.State v. Moore (Feb. 12, 1999), Lucas App. No. L-97-1448, unreported, following State v. Underwood (1983), 3 Ohio St.3d 12,13. "An alleged error 'does not constitute a plain error * * * unless, but for the error, the outcome of the trial clearly would have been otherwise.'" State v. Getsy (1998), 84 Ohio St.3d 180,192-193, quoting State v. Long (1978), 53 Ohio St.2d 91,97. The record shows that the alleged improper testimony did not rise to the level of plain error because appellant cannot show that even if the testimony was excluded, that the outcome of the trial clearly would have been otherwise. Accordingly, appellants first assignment of error is overruled.
Appellant argues in his second assignment of error that the trial court failed to acquit appellant because the element of force was not proven. We disagree.
R.C. 2907.02(B) provides that if a person is guilty of rape, the victim was less than thirteen years of age, and the person "purposely compels the victim to submit by force or threat of force," the person "shall be imprisoned for life." R.C.2907.02(A)(2) similarly states that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." The Ohio Supreme Court has stated:
 "* * * The force and violence necessary in rape is naturally a relative term, depending upon the age, size and strength of the parties and their relation to each other; as the relation between father and daughter under twelve years of age. With the filial obligation of obedience to the parent, the same degree of force and violence would not be required upon a person of such tender years, as would be required were the parties more nearly equal in age, size and strength." * * * R.C. 2907.02(B) requires only that minimal force or threat of force be used in the commission of a rape. * * *
 We also recognize the coercion inherent in parental authority when a father sexually abuses his child. "* * * Force need not be overt and physically brutal, but can be subtle and psychological. As long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established. * * *" [State v. Eskridge (1988), 38 Ohio St.3d 56, 58-59.]
In the present case, appellant was in a position of authority over the victim as her stepfather. Appellant was married to the victim's mother and they were living in the same household with the victim from 1983 until 1996. The victim testified that she did not feel that she could say no to appellant's requests for sexual acts "[b]ecause I wouldn't know how, what he would do. I mean, I was scared." She stated that she had said no to him before and "[h]e would call me slut, or he would ground me * * *." She further testified that "[o]ne time he took me into his room, tried to get me to do it [have oral sex] and I said no, and he pushed me off the bed." Appellant was born in 1958 and the victim was born in 1982.
When considering appellant's position of authority over the victim, appellant's use of that position of authority, the disparity in their ages, and the victim's statements that she did not feel that she could say no because she was scared, we find that there was sufficient evidence to support a finding that appellant purposely compelled the victim to submit by force or threat of force to sexual conduct with appellant pursuant to R.C. 2907.02(B) and 2907.02(A)(2). Appellant's second assignment of error is overruled.
Appellant argues in his third assignment of error that the evidence presented at the trial was insufficient to sustain appellant's convictions in Counts 2 and 3 of the indictment.[1]
Appellant also argues that "[a]ll of the evidence presented to [sic] was insufficient to prove the Appellant guilty of any of the charges he was convicted of." Appellant further argues that his conviction was against the manifest weight of the evidence.
We will not address appellant's general argument that his convictions were against the manifest weight of the evidence and that they were based upon insufficient evidence. A review of appellant's brief shows that the only fact he disputes in his third assignment of error is whether the evidence presented at his trial sufficiently showed that the victim was less than thirteen years of age when the rapes occurred. This issue only relates to Counts 2 and 3 of the judgment entry. An appellant is required to present "the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App. R. 16(A)(7). Since appellant did not support his general argument that his convictions were against the manifest weight of the evidence and based upon insufficient evidence, we will only address the single issue properly presented in his third assignment of error: whether there was sufficient evidence to support a finding that the victim was less than thirteen years of age pursuant to Counts 2 and 3 of the judgment entry.
"Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict." State v. Smith (1997), 80 Ohio St.3d 89,113, following State v. Thompkins (1997), 78 Ohio St.3d 380,386. "When reviewing a claim of insufficient evidence, the relevant inquiry is whether any rational factfinder, after viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Clemons (1998), 82 Ohio St.3d 438,444, following Jackson v. Virginia (1979),443 U.S. 307, 319, 99 S.Ct. 2781; State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact." Clemons at 444.
Counts 2 and 3 of the jury verdict forms state in part: "We, the Jury, * * * find [appellant] GUILTY of Rape * * *. We, the Jury, further find [appellant] DID * * * use force while committing the offense of Rape. We, the Jury, further, find the victim WAS * * * less than thirteen years of age." (Emphasissic). The trial court's judgment entry states:
 * * * On May 8, 1998, the jury returned a verdict finding [appellant] guilty of the following offenses: Count Two, Rape, in violation of Section 2907.02 of the Ohio Revised Code, an Aggravated Felony of the First degree; Count Three, Rape, in violation of Section 2907.02 of the Ohio Revised Code, an Aggravated Felony of the First degree * * *. [Emphasis sic.]
R.C. 2907.02 states in part:
 (A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
* * *
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
* * *
 (B) Whoever violates this section is guilty of rape, an aggravated felony of the first degree. If the offender under division (A)(1)(b) of this section purposely compels the victim to submit by force or threat of force, whoever violates division (A)(1)(b) of this section shall be imprisoned for life.
A review of the record shows that there is insufficient evidence to show that the victim was less than thirteen years of age when she and appellant engaged in sexual conduct. The victim could not recall her age when the incidents occurred. The victim testified that some of the sexual conduct occurred during a time when she and appellant resided in an apartment and later when they resided in a house on Jenkins Avenue. The victim stated that she moved from the house on Jenkins Avenue in December 1995, which was eight months after she turned thirteen years old. No evidence was presented concerning the victim's age when they moved from the apartment into the house. Therefore, since there is insufficient evidence that the victim was under thirteen years of age when the crimes occurred, appellant cannot be found guilty in Counts 2 and 3 of the judgment entry for violating R.C. 2907.02(A)(1)(b). Additionally, appellant could not be sentenced to life imprisonment in Counts 2 and 3 of the judgment entry pursuant to R.C. 2907.02(B) because that penalty is dependent upon a finding that appellant violated R.C. 2907.02(A)(1)(b).
While the evidence was insufficient to find that appellant violated R.C. 2907.02(A)(1)(b), the evidence supports a finding that appellant violated R.C. 2907.02(A)(2) which states: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." We have already found in appellants second assignment of error that there was sufficient evidence to support a finding that appellant purposely compelled the victim to is submit by force or threat of force." The victim's testimony supports a finding that appellant engaged in sexual conduct with the victim.
Accordingly, we sustain appellant's third assignment of error finding that there was insufficient evidence concerning whether the victim was less than thirteen years of age when the offenses occurred pursuant to Counts 2 and 3 in the judgment entry. We also find that appellant's convictions for violating R.C. 2907.02 in Counts 2 and 3 of the judgment entry should still be sustained because there is sufficient evidence showing that appellant violated R.C. 2907.02(A)(2). We vacate the trial court's sentence of life imprisonment for Counts 2 and 3 of the judgment entry and remand the present case to the trial court for resentencing for Counts 2 and 3 because appellant's sentence of life imprisonment is greater than the maximum term allowed for a first degree aggravated felony. See former R.C.2929.11(B)(1)(a).
Accordingly, we overrule appellant's first and second assignments of error, sustain appellant's third assignment of error, and affirm appellant's convictions for eight counts of violations of R.C. 2907.02. We affirm the trial court's sentence imposed for Counts 4 through 9 in the judgment entry. We reverse the trial court's sentence imposed in the judgment entry for Counts 2 and 3, and remand the matter to the trial court for appellant to be resentenced for Counts 2 and 3.
Judgment affirmed in part; reversed in part; cause remanded.
BOWMAN and YOUNG, JJ., concur.
YOUNG, J., retired, of the Tenth District Court of Appeals, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] We note that a review of the indictment, the jury verdict forms, the judgment entry, and appellant's arguments shows that appellant intended to dispute his convictions as stated in Counts 5 and 6 of the indictment. Counts 5 and 6 in the indictment correspond to Counts 2 and 3 in the jury verdict forms and the judgment entry.