## O'BRIEN *vs.* SMITH.

1. Where a check drawn in the afternoon of Saturday is presented for payment on the morning of the next Monday there is no negligence or delay which will discharge the drawer.

2. The holder of the check being the cashier of an unincorporated banking association, and holding it for the use of the concern, may recover upon it in his own name.

James O'Brien, the defendant below, on the 18th of September, 1858, drew his check on Chubb & Bro. for $1,150, and passed it to the Bank of the Metropolis in part payment of a debt which he owed there, and which was due that day. The drawee's place of business was in the same street with the Bank of the Metropolis, and only eighty feet distant. The Bank of the Metropolis took the check on a Saturday, about two o'clock in the afternoon, and presented it for payment on the following Monday at eleven o'clock in the morning. Chubb & Bro. had failed in the mean time, and payment was refused. The check was duly protested, and notice of its dishonor was regularly given to the drawer.

The Bank of the Metropolis was not an incorporated institution, but a private partnership, carrying on business under that name. Richard Smith, its cashier, held the note for the use of the concern, and brought assumpsit in the Circuit Court to recover the amount of the check from O'Brien, the drawer.

The defence was that the Bank of the Metropolis ought to have demanded payment of the check on the day it was received, and that the postponement of the demand from Saturday until Monday was a want of diligence which discharged the drawer from all liability on the paper.

The Circuit Court instructed the jury that if the plaintiff took the check on the 18th in the afternoon, and presented it for payment on the morning of the 20th, the intervening day being Sunday, there was no delay or negligence which would have the legal effect of discharging the drawer. To these instructions the defendant excepted, and upon the verdict and

judgment being rendered against him, he took this writ of error.

*Mr. Davidge* and *Mr. Ingle,* for plaintiff in error, argued: 1. That reasonable diligence was not used in presenting the check. Admitting that the demand might have been delayed until the next day, if that had not been Sunday, yet, as this check was received on Saturday, the custom of merchants required it to be presented the same day, and this custom is extended by analogy to the execution of all contracts. 2. The Bank of the Metropolis is not chartered, and the paper sued on is held by the defendant in error for the benefit of an unincorporated partnership. He has no legal title to the paper, and cannot recover in his own name. *Olcott* vs. *Rathbone,* (5 Wend., 490;) *Sherwood* vs. *Rays,* (14 Pick., 172.)

*Mr. Carlisle,* for defendant in error. 1. The presentation of the check on Monday morning *was* in reasonable time. Story on Bills, § 419; Grant on Banking, 50, 200. 2. The plaintiff, as cashier of the bank and holder of the check for the use of the bank, *can* recover. It was so held in *Law* vs. *Parnell,* (7 J. Scott N. S., 282,) which was this very case.

Mr. Chief Justice TANEY. We think the decision of the Circuit Court was right upon both of the points raised in the argument. The authorities referred to by the counsel for the defendant in error are conclusive, and it cannot be necessary to discuss here questions which we consider as too well settled to be now open to serious controversy.

*Judgment of the Circuit Court affirmed.*