OPINION
Defendant-Appellant appeals from her conviction and sentence on two counts of Corrupting Another with Drugs, violations of R.C. §2925.02.
On February 6, 1999, Defendant-Appellant allegedly provided marijuana to two juveniles, Melissa Austin and Tiffany Friar. The only direct evidence of the alleged incident was offered by the "victims," Tiffany and Melissa. Essentially, both juveniles testified that on February 6, 1999, while traveling to Tiffany's father's house, Defendant-Appellant shared a "joint" with the two girls.
The incident was allegedly discovered because Tiffany wrote a note to one of her eighth grade friends, Stacy Cole, wherein Tiffany discussed the possibility of obtaining marijuana from Defendant-Appellant. The note was apparently discovered after Stacy's mother, Lalita Estep, searched Stacy's book bag because she suspected her daughter of smoking. Upon discovering the note, Ms. Estep contacted Tiffany's mother, Heidi Friar. Ultimately, Ms. Friar contacted the sheriff's department and an investigation ensued.
On May 7, 1999, Defendant-Appellant was indicted on two counts of Corrupting Another with Drugs, violations of R.C. § 2925.02. On May 10, 1999, Defendant-Appellant entered not guilty pleas to both counts of the Indictment. A jury trial commenced on July 22, 1999. On July 23, 1999, the Jury returned verdicts of guilty on both counts of the indictment. The verdict was filed on July 26, 1999, and by Judgment Entry filed on September 8, 1999, Defendant-Appellant was sentenced to a maximum of three (3) years of community control sanctions, subject to the general supervision of the Adult Probation Department on each count, and a six-month operator's license suspension.
It is from the judgment of guilt and resulting sentence that Defendant-Appellant now appeals, prosecuting five assignments of error. Because we find it dispositive, it is only necessary to consider Defendant-Appellant's Third Assignment of Error.
 Third Assignment of Error The record contains insufficient evidence to support Defendant-Appellant's conviction.
In reviewing the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia (1979), 443 U.S. 307, 319,99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573, cited by State v. Fears (Ohio 1999), 86 Ohio St.3d 329, 341, 715 N.E.2d 136, 149.
The relevant elements of Corrupting Another with Drugs are: (1) the defendant must knowingly; (2) by any means, furnish or administer a controlled substance to a juvenile who is at least two years the offender's junior, when the offender knows the age of the juvenile or is reckless in that regard; or (3) by any means, induce or cause a juvenile who is at least two years the offender's junior to use a controlled substance, when the offender knows the age of the juvenile or is reckless in that regard. R.C. § 2925.02(A). If the controlled substance alleged is marijuana, Corrupting Another with Drugs is a felony of the fourth degree. R.C. § 2925.02(C)(3). Marijuana is a Schedule I substance. R.C.3719.41(B)(17). Marijuana is defined as:
 [A]ll parts of a plant of the genus canibus, whether growing or not; the seeds of a plant of that type; the resin extracted from a part of a plant of that type; and every compound, manufacture, salt, derivative, mixture, or preparation of a plant of that type or of its seeds or resin. "Marijuana" does not include the mature stalks of the plant, fiber produced from the stalks, oils or cakes made from the seeds of the plant, or nay other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks, except the resin extracted from the mature stalks, fiber, oil or cake, or the sterilized seed of the plant that is incapable of germination. R.C. § 3719.01(O).
The State offered the following testimony in favor of conviction on the charges of Corrupting Another with Drugs. In the interest of clarity, we have categorized and will discuss the evidence as it relates to the respective elements of the crimes for which Defendant-Appellant was indicted and convicted.
With respect to the requirement that the defendant furnish a controlled substance to a juvenile, Melissa Austin testified that at the time of the alleged incident she was fourteen years old. (Transcript, pg. 47). Likewise, Tiffany Friar testified that at the time of the alleged incident she was fourteen years old. Russell Knotts, a Deputy with the Marion County Sheriff's Office responsible for investigating the incident, testified that at the time of the alleged incident Defendant-Appellant was twenty-eight years old. Consequently, there is sufficient evidence from which a rational trier of fact could conclude that that Melissa and Tiffany were juveniles and that Defendant-Appellant was at least two years older than the two juveniles at the time of the alleged incident.
The remaining essential element then is the requirement that Defendant-Appellant must have furnished or administered a controlled substance to Melissa or Tiffany or induced or caused the juveniles to use a controlled substance. Melissa testified on direct examination concerning the alleged incident in Defendant-Appellant's automobile. More particularly, she testified that "drugs" were exchanged during the trip; a "joint" was shared among herself, Tiffany and Defendant-Appellant; "joint" meant marijuana; she did not see where the "joint" came from; she assumed that what she was smoking was marijuana; she had seen marijuana before; she had used marijuana before; she was familiar with the smell of marijuana; she was familiar with the taste of marijuana; there was no question in her mind that what she was smoking was marijuana; and, marijuana makes her light-headed and then she gets hungry. (Transcript, pgs. 51-54).
Tiffany testified on direct examination that she could not remember how the discussion about marijuana began; she did not recall how she asked for marijuana; she could not recall how Defendant-Appellant responded when she asked her for marijuana; the "joint" came from Defendant-Appellant's ashtray; the marijuana was rolled up in Zig Zag papers; she had seen marijuana before; she had used marijuana before; she was familiar with the smell of marijuana; she was familiar with the taste of marijuana; and, she thought that what she smoked was marijuana. (Transcript, pgs. 127-132).
We pause here to address the propriety of Tiffany and Melissa testifying concerning the identification of the substance allegedly smoked in the automobile. Generally, suspected controlled substances are tested in a laboratory and the results of those tests are introduced into evidence in the trial of a defendant charged with, for example, corrupting another with drugs or possession of that substance. Nevertheless, a drug may also be identified circumstantially by some form of expert testimony.State v. Maupin (1975), 42 Ohio St.2d 473, 479. The Ohio Supreme Court stated in Maupin as follows:
 By reason of its availability to prosecuting authorities, its reliability and persuasiveness to juries, the utilization of expert testimony based upon scientific testing is the traditional approach to drug identification. By the same token, there are a substantial number of authorities judicially approving drug identification other than by scientific analysis. (Citations omitted).
 Although it would appear beyond question that a drug may be identified circumstantially, it is also logically recognized that whether a given substance is or is not as claimed (here, marijuana), is beyond the common experience and knowledge of juries and that expert testimony in some form is required. (Citations omitted).
 The qualification of an expert is a matter of determination by the court on the facts, and rulings with respect to such matters will ordinarily not be reversed unless there is a clear showing that the court abused its discretion. (Citations omitted).
 Expert testimony by addicts experienced in drug use has been upheld. (Citations omitted). Casual drug use, however, is insufficient for qualification as an expert. (Citation omitted). Likewise, expert testimony has been held properly admitted from experienced police officers. (Citations omitted). Id. at 478-480. (Emphasis added.)
It is clear that to be permitted to testify that the substance they were allegedly smoking was in fact marijuana, Tiffany and Melissa were required to be qualified as experts on the identification of controlled substances or at a minimum the identification of marijuana. With respect to their qualifications for identifying the substance as marijuana, Tiffany and Melissa both testified that they had "used" marijuana in the past and were familiar with its characteristics. In our view, Tiffany and Melissa's limited experiences with "marijuana" were insufficient to qualify them as experts on the identification of the substance.
The girls' experiences are certainly not comparable to that of an officer with fourteen years experience as a member of the vice squad, one-and-a-half years experience as an undercover agent for the Federal Bureau of Narcotics, who has made hundreds of arrests, including those for drugs violations. Maupin (1975),42 Ohio St.2d 473, syllabus at 2. Nor is the basis for their testimony comparable to that of a chemist, employed by the Ohio Bureau of Criminal Identification and Investigation as a forensic scientist for nine years, whose duties require that between twenty and twenty-five times per week he analyze evidence for the identification of controlled substances. In the Matter ofForfeiture of Certain Real Property by Action In Rem v. CertainParcel of Real Property Known as 812 Saul Drive (1993), Trumball App. No. 92-T-4773, unreported. Similarly, the basis for the girls' "expert" testimony is not comparable to that of an officer who has made hundreds of arrests and has had extensive training in drug identification, Cleveland Metropolitan Park Dist. v. Young
(1998), Cuyahoga App. No. 74281, unreported, or even an officer whose ability to identify marijuana is based on eight years of experience, In the Matter of Damon R. (1997), Erie App. No. E-96-055, unreported.
When we analogize the case sub judice to those cases where circumstantial evidence concerning the identity of a substance has been presented by expert testimony, it is evident that Melissa and Tiffany were not sufficiently qualified to render such testimony. Melissa and Tiffany's testimony was based merely on the respective experiences of fourteen-year-old casual drug users. Such a basis is clearly insufficient to qualify the juveniles as experts on the identification of a controlled substance. We recognize that the qualification of an expert is a matter for determination by the courts on facts, and rulings with respect to such matters are ordinarily not reversed unless there is a clear showing that the court abused its discretion. Akron v. Pub. Util. Comm. (1966),5 Ohio St.2d 237, cert. denied (1966), 385 U.S. 828, 87 S.Ct. 62,17 L.Ed. 64. In this case, however, we hold that it was unreasonable for Melissa and Tiffany to be allowed to testify as experts on the essential element of whether they used a controlled substance.
We note, as argued by the State at oral argument, this case is "unusual" in the sense that the alleged controlled substance or forensic evidence thereof was not recovered. While we recognize the peculiarity presented by an instance where the alleged substance arguably no longer exists, such peculiarity does not relieve the State of the responsibility of satisfying its burden. That is, when expert opinion is required to assist the trier of fact to understand evidence that is beyond the common experience and knowledge of juries, the witness(es) providing such testimony must be adequately qualified.
As we noted above, Melissa and Tiffany offered the only testimony concerning the identification of the substance allegedly smoked in the automobile. When we exclude that testimony, as we must, the record reveals that the State presented no evidence concerning the essential element that Defendant-Appellant furnished or administered a controlled substance to Melissa or Tiffany or induced or caused the juveniles to use a controlled substance. Consequently, after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt.
We are mindful that ordinarily, errors that arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised on appeal, unless, but for the error, the outcome of the trial clearly would have been otherwise. State v. Underwood (1983),3 Ohio St.3d 12, 444 N.E.2d 1332, syllabus; State v. Ballew (1996),76 Ohio St.3d 244, 254, 667 N.E.2d 369, cert. denied (1997),519 U.S. 1065, 117 S.Ct. 704, 136 L.Ed.2d 625. In this case, because there was no additional evidence concerning the identification of the substance allegedly smoked, but for the erroneous admission of the girls' respective testimony, the result of the trial would have been different. That is, but for the error, there would have been no evidence from which a rational trier of fact could conclude that Defendant-Appellant furnished or administered a controlled substance to Melissa or Tiffany or induced or caused the juveniles to use a controlled substance. Accordingly, Defendant-Appellant's Third Assignment of Error is sustained.
Judgment reversed and cause remanded.
 SHAW and WALTERS, JJ., concur.