OPINION
 STATEMENT OF THE FACTS AND CASE
On June 20, 1998, Appellant was arrested after being found in a 1987 Mazda pick-up truck owned by Robert Engle outside of a bar in Lancaster, Ohio.
Prior to his arrest that day, Appellant had been on a twenty-four hour drinking binge and had been given a ride to the bar in Lancaster.
Appellant was charged with one count of possession of criminal tools under R.C. § 2923.24 and one count of vehicle trespass under the Lancaster Codified Ordinance.
On June 22, 1998, Appellant was arraigned on these charges.
Appellant failed to appear at a number of scheduled courts dates and further requested continuances.
On August 14, 2001, a jury trial commenced in this matter.
Just prior to the commencement of the jury trial the trial court allowed the State to amend the indictment to include the correct section number of Lancaster Codified Ordinance, that being L.C.O. § 545.06(d).
The jury returned a verdict of guilty on the charge of vehicle trespass and acquitted Appellant on the charge of possession of criminal tools.
Appellant has filed the instant appeal, assigning the following error:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN FAILING TO INSTRUCT THE JURY THAT RECKLESSNESS IS AN ESSENTIAL ELEMENT OF THE CRIME OF "VEHICLE TRESPASS" UNDER LANCASTER CITY CODE SECTION 545.06(D).
In his sole assignment of error, appellant claims that the trial court erred by failing to instruct the jury on a mens rea element for the crime of vehicle trespass. Appellant contends that the culpable mental state of recklessness should have been included as an element of the offense. We disagree.
As stated previously, appellant was charged with vehicle trespass, in violation of Lancaster Codified Ordinance (L.C.O.) § 545.06(d), a third degree misdemeanor. L.C.O. § 545.06(d) provides:
545.06 unauthorized use of a vehicle; vehicle trespass
 (a) No person shall knowingly use or operate an aircraft, motor vehicle, motorcycle, motorboat or other motor-propelled vehicle without the consent of the owner or person authorized to give consent.
 (b) This section does not apply to property removed from the State or if possession is kept for more than forty-eight hours.
 (c) The following are affirmative defenses to a charge under this section:
 (1) At the time of the alleged offense, the actor, though mistaken, reasonably believed that the actor was authorized to use or operate the property.
 (2) At the time of the alleged offense, the actor reasonably believed that the owner or person empowered to give consent would authorize the actor to use or operate the property.
 (d) No person shall enter into or upon any vehicle, motorcycle or motor vehicle, the property of another person, without the consent of the owner or operator thereof.
* * *
 However, appellant has failed to demonstrate that the issue was properly preserved for appeal. Counsel for appellant states in his brief that he:
 . . . has moved to supplement the record with a transcript of that portion of the record that follows the close of evidence and precedes the commencement of the instructions to the jury so as to provide that portion of the record which supports the sole assignment of error.
However, the record does not reflect that this motion was ever filed or that the record has been supplemented to include same.
Appellant has the burden of establishing that the alleged assignment of error was presented at trial by way of an objection. See Swisher v.Scherpenisse (Jan. 10, 2000), Stark App. No. 1999CA00025, unreported. However, in the case sub judice, appellant has failed to provide this court with a transcript of the pertinent portion of the record, demonstrating that a proper objection was made to the trial court before the jury retired for deliberations. Therefore, this court must review this assignment of error under a plain error analysis.
An appellant's failure to object to jury instructions constitutes a waiver of any claim of error unless the absence of such instruction rises to the level of plain error. State v. Underwood (1983), 3 Ohio St.3d 12, syllabus; see, also, Crim.R. 30. The standard of review for plain error is as follows:
 To rise to the level of plain error, it must appear on the face of the record not only that the error was committed, but that except for the error, the result of the trial clearly would have been otherwise and that not to consider the error would result in a clear miscarriage of justice.
State v. Bock, 16 Ohio App.3d 146,150 (citing State v. Underwood (1983),3 Ohio St.3d 12; State v. Cooperrider (1983), 4 Ohio St.3d 226).
The plain error rule should only be invoked with the utmost caution and under exceptional circumstances. State v. Long (1978), 53 Ohio St.2d 91.
We cannot find that the instruction was plain error, especially in light of the limited record before this court. In light of the lack of a transcript of the evidence presented, we cannot say that but for these instructions, the outcome of the trial would have been different.
Appellant's sole assignment of error is overruled.
The judgment of the Fairfield County Municipal Court is affirmed.
By BOGGINS, J. HOFFMAN, P.J. and GWIN, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court is affirmed. Costs to appellant.