THE STATE OF OHIO, APPELLANT, *v.* UNDERWOOD, APPELLEE.

[Cite as State *v.* Underwood (1983), 3 Ohio St. 3d 12.]

(No. 82-278—Decided February 16, 1983.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. William E. Breyer,* for appellant.

*Mr. Robert Blackmore* and *Mrs. Elizabeth Agar,* for appellee.

WILSON, J. The sole issue in this case is whether the charge on voluntary manslaughter was plain error.

The same charge was found to be plain error in *State* v. *Muscatello* (1977), 57 Ohio App. 2d 231 [11 O.O.3d 320]. The Court of Appeals for Cuyahoga County reversed Muscatello's murder conviction for this reason as well as two other assignments of error not relevant to this opinion. We affirmed that court's decision in *State* v. *Muscatello* (1978), 55 Ohio St. 2d 201 [9 O.O.3d 148]; however, we did not address the plain error issue.

Absent plain error, the failure to object to improprieties in jury instructions, as required by Crim. R. 30, is a waiver of the issue on appeal. *State* v. *Williams* (1977), 51 Ohio St. 2d 112 [5 O.O.3d 98]; *State* v. *Humphries* (1977), 51 Ohio St. 2d 95 [5 O.O.3d 89].

The trial court's instruction on voluntary manslaughter at least inferentially placed upon the defendant the burden to prove beyond a reasonable doubt the emotional stress, as described in former R.C. 2903.03. After the

amendment of R.C. 2901.05, effective November 1, 1978, the defendant had the burden of proof by only a preponderance of the evidence.

We agree with the court of appeals that there was sufficient evidence to raise the issue of the mitigating circumstances of extreme emotional stress, which, if believed by the trier of fact, would support a verdict of voluntary manslaughter. We are also of the opinion that under the facts of the instant case the charge on the lesser included offense of voluntary manslaughter was not inconsistent with the complete defense of accident.

We have held that a jury instruction which improperly places the burden of proof upon a defendant "does not constitute a plain error or defect under Crim. R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise." *State* v. *Long* (1978), 53 Ohio St. 2d 91 [7 O.O.3d 178], paragraph two of the syllabus. In the same case we concluded that the plain error rule should be applied with utmost caution and should be invoked only to prevent a clear miscarriage of justice.

The evidence on extreme emotional stress was barely sufficient to warrant a charge on voluntary manslaughter. The state's evidence of murder was overwhelming.

The facts in this case fall far short of meeting the criteria for plain error. We see no miscarriage of justice in this case.

The judgment of the court of appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY and LOCHER, JJ., concur.

W. BROWN and C. BROWN, JJ., concur in the syllabus and judgment.

HOLMES, J., concurs.

WILSON, J., of the Second Appellate District, sitting by assignment.

HOLMES, J., concurring. I concur in the syllabus and the judgment herein, and that part of the opinion which holds that the defendant was not prejudiced by the error of the charge regarding the burden of proof of emotional stress in light of the totality of the evidence overwhelmingly supporting a finding of guilt. However, I disagree with the analysis of the evidence here by the majority which results in the conclusion that such evidence is reasonably supportive of a charge on voluntary manslaughter, and do so for two reasons. First, in my view, the evidence is not supportive of the necessary element of emotional stress occasioned by the immediate circumstances of the parties. The problems between these two persons had occurred over an extended period of time, and on the date of the killing the defendant had initiated the contact after more than a month's separation. Upon seeing the deceased, the defendant attacked her with a knife.

Second, the defendant advanced the affirmative defense of accident, claiming the killing was unintentional. This was a complete defense which would have occasioned an acquittal if believed, and the jury was so charged. As a general rule, the advancement of a complete defense bars the trial court from charging on a lesser included offense. *State* v. *Nolton* (1969), 19 Ohio St. 2d 133 [48 O.O.2d 119]. Of course, the court can still charge on a lesser included offense if the state's evidence would support one, but here the lowest offense shown by the state's evidence was murder.

Therefore, it would be my conclusion that the defendant had not been entitled to a charge on voluntary manslaughter and, accordingly, any error contained within such charge would not constitute reversible error.

W. BROWN and C. BROWN, JJ., concur in the foregoing concurring opinion.