JOURNAL ENTRY AND OPINION
Mack White appeals from a judgment of the common pleas court entered pursuant to a jury verdict finding him guilty of domestic violence against his ex-wife, Theresa White. White complains on appeal that the court erred by failing to provide a proper limiting instruction regarding his prior conviction of aggravated assault.
After a careful review of the record and the law, we have concluded that White waived any error, and therefore, we affirm the judgment of the court.
The record before us reveals that around 2:00 a.m. on the morning of February 21, 1998, an altercation arose between White and Theresa across the street from her apartment building located on East 43rd Street in Cleveland, Ohio. White had been sitting in his truck waiting for her, and as she approached the truck and got in, the two began to argue. During the altercation, White punched Theresa and pulled out clumps of her hair. Theresa managed to call 9-1-1. Two days later, police arrested White, charging him with domestic violence, and the indictment contained a specification for his prior conviction for aggravated assault.
The matter proceeded to trial on June 1, 1999. The state called Theresa, her daughter, Maxine, and her son, John, Patrolman Nuti, and Detective Karen O'Neal. The parties stipulated to White's prior aggravated assault conviction, and in its charge to the jury, the trial court gave a specific instruction as to that prior conviction.
The jury returned its verdict finding White guilty of domestic violence, and he now appeals from that conviction and raises one assignment of error for our consideration, which states:
 THE TRIAL COURT ERRED WHEN IF FAILED TO PROVIDE A PROPER LIMITING INSTRUCTION TO THE JURY REGARDING THE APPELLANT'S PRIOR CONVICTION OF AGGRAVATED ASSAULT.
White alleges that although the trial court informed the jury of the reason for admission of the evidence concerning his prior aggravated assault conviction, it failed to advise the jury that it could not use White's prior conviction for any other reason. The state maintains the court instructed the jury as defense counsel had requested and White failed to preserve any error for appeal because his counsel did not object to the jury instruction as required by law. The issue then for our consideration concerns whether the trial court erred in instructing the jury in this case.
Upon review of the transcript in this case the following colloquy occurred at the close of all of the evidence:
THE COURT: * * *
 The court is going to proceed to go forward with final arguments and the charge of the court.
 Before we entered on the bench both yesterday and again this morning, after the charge was completed, the court spoke to both counsel and then Mr. Tittle asked that something be added to the charge. And he asked that the following be added as a charge of the court. I will quote.
 "The fact that evidence was offered to show the defendant was convicted in 1995 of aggravated assault goes to an element of the crime that the State must prove. It's not offered to show that because the defendant was convicted in 1995, he is or is more likely to be guilty of the crime charged."
That is the request you made, is that correct, Mr. Tittle?
MR. TITTLE: It is, your Honor.
 THE COURT: And the court agreed to give that charge and has incorporated that into the court's charge at this time at the request of the defense counsel.
MR. TITTLE: Your Honor, I thank you very much for that.
Further, the record does not reveal any objection to that charge on the part of defense counsel. Crim. R. 30 (A) provides in pertinent part:
 On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury.
In State v. Underwood (1983), 3 Ohio St.3d 12, the court held:
 The failure to object to a jury instruction constitutes a waiver of any claim of error relative thereto . . . (State v. Long, 53 Ohio St.2d 91, * * * approved and followed.)
Therefore, we conclude that because White's trial counsel requested the instruction and did not object to it, any error regarding this jury instruction has been waived for the purposes of appellate review. Accordingly, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
This Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J., and PATRICIA A. BLACKMON, J., CONCUR
 __________________________________ JUDGE TERRENCE O'DONNELL