[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Kenneth L. Singleton was convicted of kidnapping, aggravated robbery, and robbery, as well as two gun specifications. Singleton challenges on appeal the weight and sufficiency of the evidence and the jury instructions.
In his first and third assignments of error, Singleton challenges the trial court's denial of his Crim.R. 29(A) motion and the weight of the evidence. Where substantial evidence is presented by the state to support all elements of the charged offense, and that evidence is sufficiently probative of guilt, this court will not reverse on either the sufficiency or the weight of the evidence.[1] To determine whether the trial court improperly denied a motion for acquittal, the relevant inquiry is whether, after viewing all of the evidence in a light most favorable to the state, any rational trier of fact could have found all of the essential elements of the offense proven beyond a reasonable doubt.[2]
The state presented significant evidence of Singleton's guilt on all of the charges. Singleton's contention that the state failed to present evidence of his complicity in the offenses is without merit. Of the offenders involved, Singleton was the one who had worked at the targeted store and had even scouted out the store a week before the offenses. Singleton knew the victim because he had worked with him. Singleton was behind the plan to kidnap the victim and bring him back to the store so Singleton and the others could commit the robbery. Singleton drove the four other offenders to the store on the night of the robbery and was seen driving in the area just after the offenses. In light of Singleton's detailed involvement in the planning and execution of the crimes, the jury could have reasonably concluded that Singleton was guilty of the offenses.
Upon review of the record, we hold that the weight of the evidence supported each of the guilty findings, and that the trial court correctly overruled Singleton's motion for acquittal pursuant to Crim.R. 29(A). Therefore, we overrule both the first and the third assignments of error.
In his second assignment of error, Singleton contends that the trial court erred when it instructed the jury as to the verdict forms. We note that there was no objection to the trial court's remarks so all but plain error has been waived.[3] The record demonstrates that the trial court initially stated the wrong name as it read an instruction on the gun specification. However, as Singleton concedes, the trial court went on to read the verdict forms correctly. We find nothing in the trial court's instructions that would have confused or mislead the jury, and, therefore, we overrule Singleton's second assignment of error.
Therefore, the judgment of the trial court is affirmed.
 ______________________________ HILDEBRANDT, PRESIDING JUDGE
 PAINTER and WINKLER, JJ.
[1] See State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541.
[2] State v. Williams (1996), 74 Ohio St.3d 569, 660 N.E.2d 724; see, also, State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184.
[3] See State v. Underwood (1983), 3 Ohio St.3d 12,444 N.E.2d 1332.