[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a jury trial, defendant-appellant, Dwayne K. Johnson, was convicted of trafficking in drugs pursuant to R.C. 2925.03(A). In his first assignment of error, he contends that did not receive effective assistance of counsel. He argues that his attorney's performance was deficient because his attorney failed to challenge a juror who stated that he would "hold it against Mr. Johnson if he didn't take the stand and testify." Even if we assume that counsel's performance was deficient, Johnson has not demonstrated that, but for counsel's unprofessional errors, the results of the proceedings would have been different given the overwhelming evidence against him. Consequently, Johnson has failed to meet his burden to show ineffective assistance of counsel. See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052; State v. Hamblin (1988), 37 Ohio St.3d 153, 524 N.E.2d 476. Accordingly, we overrule his first assignment of error.
In his second assignment of error, Johnson contends that the trial court erred in failing to remove the biased juror. Assuming that the trial court erred in failing to remove the juror for cause, we hold that Johnson waived the error by accepting the juror without exhausting his peremptory challenges. See State v. Eaton (1969), 19 Ohio St.2d 145,249 N.E.2d 897, vacated as to death penalty (1972), 408 U.S. 935,92 S.Ct. 2857; State v. Valle (Mar. 13, 2000), Stark App. No. 1999CA00079, unreported; State v. Colwell (Dec. 7, 1994), Hamilton App. No. C-930806, unreported. This waiver precludes Johnson from raising the issue on appeal unless it rises to plain error. See State v. Underwood (1983),3 Ohio St.3d 12, 444 N.E.2d 1332. Given the overwhelming evidence against Johnson, we cannot say that, but for the alleged error, the result of the trial clearly would have been otherwise. Consequently, we are not persuaded that the trial court committed plain error by failing to excuse the juror. See State v. Wickline (1990), 50 Ohio St.3d 114,552 N.E.2d 913; State v. Hirsch (1998), 129 Ohio App.3d 294,717 N.E.2d 789. We, therefore, overrule Johnson's second assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 _____________________ Doan, P.J.,
Sundermann and Winkler, JJ.