DECISION AND JUDGMENT ENTRY
This appeal of a delinquent adjudication comes to us from a decision issued by the Huron County Court of Common Pleas, Juvenile Division. The juvenile court found appellant, Delayn K., to be delinquent for the reason that he committed felonious assault, in violation of R.C. 2903.11. Because we conclude that the juvenile court committed plain error by adopting the magistrate's decision, we reverse and remand.
On June 8, 2000, a magistrate for the juvenile court held an adjudication hearing on a delinquency complaint against appellant. The evidence included the testimonies of the victim, an eye-witness and the victim's mother, as well as photographs taken by the victim's mother. The alleged victim, a sixteen year-old female, testified that on May 8, 2000, she was in the woods behind a mobile trailer park in Huron County, Ohio. While in the woods, the victim was attacked from behind. She was pulled to the ground and her neck was cut with some unidentified object. At the hearing, the victim identified appellant as her attacker.
The victim did not see what cut her neck, nor did she know or think it was a knife at the time of the attack. After the attack, she returned to the trailer park on her own. The victim's mother took her to the emergency room where it was determined that she did not need stitches for the wound. She received a tetanus shot, had the wound cleaned and treated, and was sent home. Photographs, taken by the victim's mother on May 8 and 9, 2000, show a long red mark on the victim's neck, extending from just under her ear to under her chin. The court described the wound as a "slash" but noted that, from examining the photos, it "could not tell how deep the cut is." Although a sheriff's deputy testified that the wound "could have been caused by a pocket knife," no medical evidence was presented regarding what type of weapon actually caused the wound or the severity of the wound.
Another witness, a young woman who knows appellant, testified that she saw the attack from some distance away. She also stated that she "thought" she saw appellant pull out his knife case to cut the victim's throat. This witness is developmentally delayed and has difficulty with concepts such as time and distance. A pocketknife provided to police by appellant's mother a day or two after the incident was not fingerprinted or tested for the victims' blood, skin, or hair. Based upon this evidence, the magistrate specifically found that the witness was too far away to establish beyond a reasonable doubt that appellant had used a knife.
The magistrate then determined that appellant had not committed felonious assault with a deadly weapon. The magistrate, nevertheless, concluded that appellant had caused serious physical harm to the victim, constituting felonious assault, and found appellant to be delinquent. No objections were filed to the magistrate's decision. The juvenile court then adopted the magistrate's report and recommendations.
Appellant now appeals, setting forth the following assignments of error:
 "I. TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO PRESERVE THE ISSUE OF THE SUFFICIENCY OF THE EVIDENCE.
 "II. THE EVIDENCE IS INSUFFICIENT TO SUPPORT THE ADJUDICATION FELONIOUS ASSAULT."
Appellant, in his second assignment of error asserts that the evidence is insufficient to support the court's finding that appellant committed felonious assault. In this case, appellant failed, however, to object to the magistrate's report, as required by Civ.R. 53(E)(3)(b).
Failure to object to an error in the trial court precludes the issue from being raised on appeal, unless the issue rises to the level of plain error. See State v. Underwood (1983), 3 Ohio St.3d 12, 13; State v.Long (1978), 53 Ohio St.2d 91. Plain error is an obvious error or defect in the trial court proceedings, affecting substantial rights, which, "but for the error, the outcome of the trial court clearly would have been otherwise." See Crim.R. 52(B); State v. Underwood, supra; State v.Long, supra. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long, supra, at paragraph three of the syllabus. Therefore, we must limit our review of appellant's insufficient evidence argument under the plain error doctrine. See Statev. Lundgren (1995) 73 Ohio St.3d 474, 487.
R.C. 2903.11, the felonious assault statute, in pertinent part, states:
"(A) No person shall knowingly * * *
"(1) Cause serious physical harm to another * * *."
R.C. 2901.01(5) defines serious physical harm to a person as:
 "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged physical treatment;
 "(b) Any physical harm that carries a substantial risk of death;
 "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 "(d) Any physical harm that involves some permanent disfigurement, or that involves some temporary, serious disfigurement;
 "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
In the present case, the victim did not need stitches and there was no medical evidence presented regarding the severity of the wound. The photographs show the wound on the victim's neck to be more of a scratch or scrape, than a "slash." Based on our review of the evidence, we conclude that the evidence is insufficient to establish that appellant caused "serious physical harm" to the victim. Therefore, the juvenile court committed plain error in adopting the magistrate's adjudication of delinquency based upon a finding of felonious assault. Nevertheless, our review of the evidence does show that appellant committed an act which, if committed by an adult, would have constituted the lesser included offense of assault, a violation of R.C. 2903.13.[1] Therefore, the basis of the delinquency finding was in error and must be corrected.
Accordingly, appellant's second assignment of error is well-taken, insofar as it challenges the basis for the delinquency adjudication. Pursuant to our disposition of the second assignment of error, appellant's first assignment of error is rendered moot.
The judgment of the Huron County Court of Common Pleas, Juvenile Division, is reversed and remanded for dispositional proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
Melvin L. Resnick, J., Mark L. Pietrykowski, J., JUDGES ONCUR.
 ____________________________ SHERCK, J.
[1] R.C. 2903.13 states:
 "(A) No person shall knowingly cause or attempt to cause physical harm to another * * *."