OPINION
Appellant, David W. Canter, appeals his conviction of one count of kidnapping in violation of R.C. 2905.01 and one count of abduction in violation of R.C. 2905.02. Canter asserts that the Franklin County Court of Common Pleas erred by entering a judgment of conviction because it failed to instruct on the element of "terrorizing" when it instructed the jury on kidnapping. He also challenges the sufficiency and weight of the evidence supporting his convictions of kidnapping and abduction. Finding no error, we affirm.
April Schaible, a sixteen-year-old girl, was walking home from work at approximately 8:00 p.m. A man holding a small gray gun, whom she later identified as Canter, approached her. Canter said he needed a favor and asked her to accompany him. She testified that, although she feared for her life, she went with him because he had a gun. While they were walking, he grabbed her right hand with his left hand and interlocked their fingers. At that point, he had the gun in his pocket. When she said that she wanted to go home, Canter told her to trust him and not to be afraid. He explained that they were going to meet his friend who was going to introduce him to a girl.
Schaible and Canter first walked to an overpass to meet his friend, but he was not present. They then walked to a store, but again, Canter's friend was not there. Canter then told Schaible that his friend might be in a nearby wooded area.
At that point, she tried to pull away from Canter, but he pulled her towards him and headed into the woods. He told Schaible that he wanted to tape her hands to a tree. She resisted, they argued, and he pulled out the gun. He pointed it at her and said, "Don't make me use it." She started crying, and he told her not to be scared. He tried to tape her to the tree with silver tape. He wiped her tears and hugged and kissed her. She resisted his overtures by moving her head.
Two police cruisers came by. Canter told her not to move. She testified that she didn't yell because the cruisers' windows were closed. She stated that she had not yelled for help during their walk because she was too scared because Canter had a gun. When the police cruisers left, Canter allowed her to leave. They walked out of the woods together and eventually parted company.
Schaible went to a hotel and called her father. When he arrived, she told him what had happened. They went to Schaible's mother's house and called the police. A sheriff's deputy arrived and gathered information from Schaible. He did not investigate the crime scene because Schaible told him that there was no evidence at the scene.
Three months later, she saw the person who had abducted her near her new place of employment. She was one hundred percent that the man she saw was the man who tried to tape her to the tree. She told her manager, who called the police.
The manager testified that Schaible told him that she had just seen the man who had robbed her earlier. He called the police to inform them. The officers were dispatched regarding a possible robbery suspect. The manager informed them that Schaible had identified the man who had attempted to tape her to a tree while holding a gun to her head. The manager pointed out the suspect, who was walking a short distance from the building. The police arrested Canter.
Canter's first assignment of error challenges the manner in which the jury was charged on the crime of kidnapping. The record demonstrates that the trial court reviewed the instructions with counsel and that both counsel agreed to the instructions. The trial court instructed the jury, in part, that, before it could find Canter guilty of kidnapping, it must find beyond a reasonable doubt that he by force or by threat or by deception restrained Schaible of her liberty for the purpose of terrorizing or inflicting serious physical harm on Schaible or engaging in sexual activity with her against her will.
The failure to object to improprieties in jury instructions waives error on appeal absent plain error.[1] Plain error exists when, "but for the error the trial's outcome would have been otherwise."[2]
Canter argues that the trial court committed reversible error by excluding an instruction on the essential element of "terrorizing." According to him, because the dictionary definitions of "fear" (which is an element of abduction) and "terrorize" are indistinguishable, it can be inferred that the jury used "fear" interchangeably with "terrorize" in order to convict him of kidnapping. (Neither word was defined in the instructions.)
Although this court has not had the opportunity to address whether "terrorize" need be defined, we find elucidation in State v. Carter,[3]
an opinion written by Judge Harper of the Eighth District Court of Appeals. In that case, appellant argued that the court's failure to define "terrorize" in its kidnapping charge allowed the jury to speculate about the word's legal definition and deprived him of a fair trial. The defendant, like Canter in this case, failed to object and argued that the failure to define the word constituted plain error.
Judge Harper concluded that, because "terrorize" was not a term with special or technical meaning in the law, the jury was presumed to know its meaning. Thus, it was not error to fail to define the term and to allow the jury to apply the common meaning of "terrorize."[4]
While we recognize that the Ohio Jury Instructions have no force or effect as a rule of law,[5] the guidance provided by Ohio Jury Instructions is consistent with the Ohio Supreme Court's admonition that inclusion of definitions should be limited.[6]
As to Canter's argument that it could be inferred that the jury defined "terrorize" and "fear" interchangeably, this is mere speculation on his part. Accordingly, we conclude that the trial court did not commit plain error by failing to define "terrorize" and overrule Canter's first assignment of error.
Canter also challenges the weight and sufficiency of the evidence supporting his convictions. Kidnapping occurs when a person by force, threat, or deception removes another from the place where the victim is found or restrains that person's liberty to terrorize, to inflict serious physical harm, or to engage in sexual activity with the victim against the victim's will.[7] Abduction occurs when a person, without privilege to do so, by force or threat, removes another from the place where the victim is found or by force or threat restrain the victim's liberty under circumstances that create a risk of physical harm to the victim or places the victim in fear.[8]
To reverse a conviction for being against the manifest weight of the evidence, we must sit as a thirteenth juror and disagree with the jury's resolution of conflicting evidence. Thus, we examine the record to determine whether the jury clearly lost its way and created a manifest miscarriage of justice when resolving such conflicts.[9]
A challenge to the sufficiency of the evidence requires a different review. We must construe the evidence in "a light most favorable to the prosecution * * * and determine whether any rational trier of fact could have found each of the essential elements of the crime proven beyond a reasonable doubt."[10]
Upon applying the differing standards of review to the record, including the facts above, we conclude that Canter's conviction of kidnapping and abduction was supported by sufficient evidence and was not against the weight of the evidence. We overrule Canter's second assignment of error.
Having overruled Canter's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT and PETREE, JJ., concur.
PAINTER, J., of the First Appellate District, sitting by assignment in the Tenth Appellate District.
[1] See State v. Morrison (Dec. 31, 2001), Franklin App. 01AP-714, unreported.
[2] See id. citing State v. Underwood (1983), 3 Ohio St.3d 12,13, 444 N.E.2d 1332, 1333.
[3] State v. Carter (Nov. 14, 1991), Cuyahoga App. No. 59223, unreported,
[4] See id., citing 1 Ohio Jury Instructions (2001), Section 1.80.
[5] See State v. Hike (May 21, 1998), Franklin App. NO. 97APA04-554, unreported,
[6] See State v. Williams (1988), 38 Ohio St.3d 346, 356, 258 N.E.2d 910,922, fn. 14. See, also, State v. Bilder (1994), 99 Ohio App.3d 653,651 N.E.2d 502; State v. Wynn (June 11, 1998), Franklin App. No. 97APA09-1203, unreported.
[7] See R.C. 2905.01(A).
[8] R.C. 2905.02(A).
[9] See State v. Coleman (Feb. 14, 2002), Franklin App. No. 01AP-734, unreported, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 387,687 N.E.2d 541, 547.
[10] See State v. Ooten (Jan. 31, 2002), Franklin App. No. 01AP-234, unreported.