[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Michael D. Johnson was charged with breaking and entering in violation of R.C. 2911.13(A) and resisting arrest in violation of R.C. 2921.33(A). After a jury trial, he was found guilty on both counts. Johnson now appeals. He brings two assignments of error, neither of which we find to be well taken.
The incident in question happened at a Deveroes store on April 11, 2001. Assistant store manager, Sonya Taylor, had secured the store early that day due to rioting in the neighborhood. She returned to the store around midnight after its alarm had been triggered. She observed that the store had been vandalized and looted, so she called the police.
Around 3:30 a.m. on April 12, 2001, a Cincinnati police officer heard an alarm sounding and went to the Deveroes store to investigate. He saw a person inside the store with an armful of clothes, whom he later identified as Johnson. When the police officer ordered Johnson to come out of the store, he ran from the scene. Johnson was later apprehended.
At trial, Taylor, testified that she knew Johnson from the neighborhood. She then identified Johnson in seven still photographs that had been taken from security cameras positioned throughout the store. The photographs showed Johnson in the store's stock room. During his testimony, Johnson admitted to being inside the store, but stated that he was only looking for his twelve-year-old daughter.
In his first assignment of error, Johnson argues that his convictions were based on insufficient evidence and were against the manifest weight of the evidence. After viewing the evidence in the light most favorable to the state, we hold that a rational trier of fact could have found that the essential elements of breaking and entering and resisting arrest had been proved beyond a reasonable doubt.[1] Further, having reviewed the entire record, weighed the evidence and all reasonable inferences, and considered the credibility of the witnesses, we cannot say that in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice.[2] As a result, we overrule the first assignment of error.
In his second assignment of error, Johnson claims that the trial court erroneously refused to instruct the jury on the proper deliberation procedure for considering the lesser-included offense of criminal trespass. The record reveals, however, that Johnson did not object to the trial court's instruction on the lesser-included offense of criminal trespass prior to the jury retiring. Because Johnson failed to object, he has waived all but plain error on appeal.[3] Plain error exists only if it is clear that, but for the error, the outcome of the trial clearly would have been otherwise.[4] Our review of the record reveals that the trial court's failure to instruct the jury on the proper deliberation procedure for the lesser-included offense of criminal trespass did not rise to the level of plain error. As a result, we overrule the second assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Sundermann, JJ.
[1] See State v. Jones (2001), 91 Ohio St.3d 335, 345, 744 N.E.2d 1163,1176 citing State v. Stallings (2000), 89 Ohio St.3d 280, 289,731 N.E.2d 159, 171.
[2] See State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 547, citing State v. Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717, 720.
[3] State v. Underwood (1983), 3 Ohio St.3d 12, 13, 444 N.E.2d 1332,1333.
[4] State v. Mooreland (1990), 50 Ohio St.3d 58, 552 N.E.2d 894.