[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a guilty plea, the trial court convicted defendant-appellant, Derek Casey, of theft pursuant to R.C. 2913.02(A) and sentenced him to serve seven months' incarceration. Pursuant toAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, Casey's appointed counsel has advised this court that, after a thorough review of the record, he can discern no arguable assignments of error to present on appeal. Counsel has advised Casey of this determination, and he now asks this court to conduct an independent review of the record to determine whether the trial court's proceedings were free from prejudicial error. See Freels v. Hills (C.A.6, 1988), 843 F.2d 958; State v. Mackey (Dec. 17, 1999), Hamilton App. No. C-990302, unreported. He has also filed a motion to withdraw as Casey's counsel.
In a letter to his appointed counsel, Casey has contended that he was denied a speedy trial because the offense occurred on May 12, 2000, and he was not indicted until April 18, 2001. However, he never raised the issue in the trial court, and he, therefore, waived all but plain error.State v. Underwood (1983), 3 Ohio St.3d 12, 444 N.E.2d 1332. Further, Casey failed to meet his burden to show that the preindictment delay caused him actual prejudice. See State v. Luck (1984), 15 Ohio St.3d 150,472 N.E.2d 1097; State v. Neeley (2001), 143 Ohio App.3d 606,758 N.E.2d 745.
We are satisfied that Casey's counsel has provided his client with a diligent and thorough search of the record and that he has correctly concluded that the proceedings below were free from prejudicial error. See Penson v. Ohio (1988) 488 U.S. 75, 109 S.Ct. 346. We find no grounds to support a meritorious appeal. Accordingly, we affirm the trial court's judgment, and we overrule counsel's motion to withdraw. We find the appeal to be frivolous under App.R. 23 and R.C. 2505.05, but we refrain from taxing costs and expenses against Casey because he is clearly indigent.
Further a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27.
Doan, P.J., Gorman and Winkler, JJ.