OPINION
Defendant-appellant, Janice McGuire, appeals her sentence in Columbiana County Common Pleas Court for three counts of theft and four counts of forgery.
On August 2, 2000, a Columbiana County Grand Jury indicted appellant on eleven separate counts including theft, forgery, passing bad checks, and taking the identity of another (Case No. 00-CR-99). Appellant was appointed counsel and pled not guilty. Following discovery and other pretrial matters, appellant and plaintiff-appellee, State of Ohio, reached a plea agreement. Under the terms of that agreement, appellant pled guilty to three counts of theft, violations of R.C. 2913.02(A)(1), fifth-degree felonies, and three counts of forgery, violations of R.C.2913.31(A)(3), fourth-degree felonies. In exchange, appellee agreed to not prosecute the remaining counts and recommend sentences. Appellee recommended sentences of eight months imprisonment for each of the theft offenses to run consecutively. Appellee also recommended sentences of twelve months imprisonment for each of the forgery offenses to run concurrently with one another and consecutively with the terms for the theft charges. The result was a total recommended sentence of thirty-six months imprisonment. On August 13, 2001, the trial court entered a sentence comporting with the terms of the plea agreement and adopting the recommended sentence.
In a separate case, appellant was charged with one count of forgery in violation of R.C. 2913.31(A)(3), a fifth-degree felony (Case No. 01-CR-70). Appellant waived indictment and pled guilty as charged after reaching a plea agreement. On August 13, 2001, the trial court sentenced appellant to an eight month term of imprisonment to run concurrently with the sentence in Case No. 00-CR-99. The sentence herein was also jointly recommended by the parties.
Appellant appealed her sentence in both cases. Case No. 00-CR-99 was assigned appellate Case No. 01-CO-47 and Case No. 01-CR-70 was assigned appellate Case No. 01-CO-48. On February 11, 2002, this court consolidated those appeals.
 Appellate Case No. 01-CO-47
In appellate Case No. 01-CO-47 (lower court Case No. 00-CR-99), appellant asserts two assignments of error. Appellant's first assignment of error states:
 "THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO A TOTAL OF THIRTY-SIX MONTHS."
Under this assignment of error appellant argues that the trial court erred in imposing more than the minimum sentence and imposing consecutive sentences.
In this case, appellant's sentence is not subject to appellate review. Neither the defendant nor the prosecution may appeal from a sentence that is recommended by both parties and is authorized by law. R.C. 2953.08(D) states:
 "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
The parties herein negotiated a plea agreement providing for sentences of eight months imprisonment for each of the theft offenses to run consecutively and sentences of twelve months imprisonment for each of the forgery offenses to run concurrently with one another and consecutively with the terms for the theft charges. This agreement was reduced to writing and presented to the court after being orally acknowledged by appellee and appellant and signed by both in open court. Therefore, both appellee and appellant jointly recommended the agreement, and the trial court accepted the agreement and later imposed the recommended sentences.
"A jointly recommended sentence is `authorized by law' if the sentence does not exceed the maximum sentence that the statute permits a trial court to impose." State v. Rogg (Mar. 13 2001), 4th Dist. No. 00CA07. See, also, State v. Salsgiver (Aug. 10, 2001), 11th Dist. No. 2000-T-0048; State v. Bristow (Jan. 29, 1999), 3rd Dist. No. 3-98-21.
In this case, appellant's sentence was authorized by law. Appellant pled guilty to three counts of theft, violations of R.C. 2913.02(A)(1), fifth-degree felonies. The prison term for a fifth-degree felony can be six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14(A)(5). Appellant also pled guilty to three counts of forgery, violations of R.C.2913.31(A)(3), fourth-degree felonies. The prison term for a fourth-degree felony can be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. 2929.14(A)(4). The trial court sentenced appellant to eight months imprisonment for each of the theft offenses to run consecutively and twelve months imprisonment for each of the forgery offenses to run concurrently with one another and consecutively with the terms for the theft charges, resulting in an aggregate sentence of thirty-six months imprisonment. Since each sentence falls well within the statutory range, the aggregate sentence was "authorized by law" under R.C. 2953.08(D).
Accordingly, appellant's first assignment of error is without merit.
Appellant's second assignment of error states:
 "APPELLANT COULD BE CONVICTED ONLY OF THREE FIFTH DEGREE COUNTS OF FORGERY, NOT FOURTH DEGREE."
Appellant argues that counts seven, eight, and nine of the indictment (the forgery counts) did not set forth all of the necessary elements to make them fourth rather than fifth-degree felonies. They read respectively:
 "COUNT VII: On or about May 31, 2000 in Columbiana County, Ohio, Janice McGuire with purpose to defraud, or knowing that she was facilitating a fraud, did utter, or possess with purpose to utter, any writing that the Defendant knew to have been forged, where the victim of the offense is an elderly person or disabled adult, in violation of Section 2913.31(A)(3) of the Ohio Revised Code, being a felony of the fourth degree.
 "COUNT VIII: On or about June 2, 2000 in Columbiana County, Ohio, Janice McGuire with purpose to defraud, or knowing that she was facilitating a fraud, did utter, or possess with purpose to utter, any writing that the Defendant knew to have been forged, where the victim of the offense is an elderly person or disabled adult, in violation of Section 2913.31(A)(3) of the Ohio Revised Code, being a felony of the fourth degree.
 "COUNT IX: On or about June 8, 2000 in Columbiana County, Ohio, Janice McGuire with purpose to defraud, or knowing that she was facilitating a fraud, did utter, or possess with purpose to utter, any writing that the Defendant knew to have been forged, where the victim of the offense is an elderly person or disabled adult, in violation of Section 2913.31(A)(3) of the Ohio Revised Code, being a felony of the fourth degree."
R.C. 2913.31 states in relevant part:
 "(A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:
"* * *
 "(3) Utter, or possess with purpose to utter, any writing that the person knows to have been forged.
"* * *
 "(C)(1)(a) Whoever violates division (A) of this section is guilty of forgery.
 "(b) Except as otherwise provided in this division or division (C)(1)(c) of this section, forgery is a felony of the fifth degree. * * *
"* * *
 "(c) If the victim of the offense is an elderly person or disabled adult, division (C)(1)(c) of this section applies to the forgery. Except as otherwise provided in division (C)(1)(c) of this section, forgery is a felony of the fifth degree. If property or services are involved in the offense or if the victim suffers a loss, forgery is one of the following:
 "(i) If the value of the property or services or the loss to the victim is five hundred dollars or more and is less than five thousand dollars, a felony of the fourth degree;
 "(ii) If the value of the property or services or the loss to the victim is five thousand dollars or more and is less than twenty-five thousand dollars, a felony of the third degree;
 "(iii) If the value of the property or services or the loss to the victim is twenty-five thousand dollars or more, a felony of the second degree."
Thus, in order for forgery to be a fourth-degree felony, the value of the property or services or the loss to the victim must be from five hundred to five thousand dollars. Although the indictment in this case does not reflect the value of the property or services or the loss to the victim, it was not prejudicial error.
Appellant never raised this issue in the trial court below. It is a well recognized principle of law that an appellant's failure to raise an error in the trial court constitutes a waiver of that issue on appeal unless it rises to the level of plain error. State v. Underwood (1983),3 Ohio St.3d 12, 13. In State v. Biros (1997), 78 Ohio St.3d 426, 436, the Ohio Supreme Court noted specifically that any alleged defects in an indictment are waived unless they are raised before sentencing.
Nevertheless, Crim.R. 52(B) instructs that we may take notice of plain errors or defects affecting the substantial rights of the accused. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v.Wickline (1990), 50 Ohio St.3d 114, 120. Furthermore, "[n]otice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
Appellant's case does not present plain error. Although the indictment in this case does not reflect the value of the property or services or the loss to the victim, the indictment nevertheless clearly reflects that appellant was being charged with a fourth-degree felony. Also, as pointed out by appellee, the sentence received by appellant was authorized under either circumstance. R.C. 2929.14(A)(5) allows for a twelve-month prison term for fifth-degree felonies.
Accordingly, appellant's second assignment of error is without merit.
 Appellate Case No. 01-CO-48
In appellate Case No. 01-CO-48 (lower court Case No. 01-CR-70), appellant asserts one assignment of error. Appellant's sole assignment of error states:
 "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO EIGHT MONTHS IN PRISON."
Appellant's sentence in this case was the result of a plea agreement. The sentence was a jointly recommended sentence authorized by law and in accordance with the sentence imposed by the sentencing judge. Therefore, this assignment of error lacks merit for the same reasons appellant's first assignment of error in appellate Case No. 01-CO-47 lacks merit.
The judgment of the trial court is hereby affirmed.
Waite, J., and DeGenaro, J., concur.