[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, State of Ohio, appeals the judgment of the Hamilton County Court of Common Pleas granting the motion for expungement filed by defendant-appellee, Paul E. Vidourek, Jr. For the following reasons, we reverse the trial court's judgment.
In 1991, Vidourek entered a guilty plea to one count of carrying a concealed weapon under R.C. 2923.12. At the same time, he was convicted of driving while under the influence of alcohol. On November 21, 2001, the trial court granted Vidourek's motion to expunge his record.
In a single assignment of error, the state now contends that the trial court erred in granting the motion for expungement. This assignment of error is well taken.
To be eligible for expungement, the movant must be a "first offender."[1] Pursuant to R.C. 2953.31(A), a conviction for a violation of section 4511.19 or an analogous municipal DUI ordinance is to be considered a previous or subsequent conviction precluding expungement. Therefore, as Vidourek concedes, he was not eligible for expungement.
Vidourek argues, though, that because the state failed to object to the expungement motion on the basis of the contemporaneous DUI conviction, it waived any argument with respect to the error.[2] Pursuant to Crim.R. 52(B), the failure to raise an objection results in the waiver of all but plain error. To find plain error, this court must conclude that, but for the trial court's error, the result of the proceeding clearly would have been different.[3]
In the case at bar, the trial court's failure to recognize that the DUI conviction precluded expungement constituted plain error. The trial court granted the expungement under the misapprehension that the contemporaneous conviction for DUI did not prevent Vidourek from being classified a "first offender" under R.C. 2953.31(A). But for this error, the motion for expungement would have been denied.[4]
Accordingly, we sustain the assignment of error. The judgment of the trial court is reversed, and we hereby deny the motion for expungement.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Hildebrandt, JJ.
[1] R.C. 2953.32.
[2] At the hearing on the motion, the prosecutor merely lodged a "general objection" to the expungement.
[3] See State v. Underwood (1983), 3 Ohio St.3d 12, 444 N.E.2d 1332, syllabus.
[4] The state argues that the trial court lacked subject-matter jurisdiction to grant the expungement because Vidourek was not a first offender. We are not convinced by this argument. Although the trial court improperly exercised its jurisdiction in granting the motion, a common pleas court does possess subject-matter jurisdiction to entertain expungement motions. See R.C. 2953.32 and State v. Wilfong (Mar. 16, 2001), 2nd Dist. No. 2000-CA-75, jurisdictional motion overruled (2001),92 Ohio St.3d 1449, 751 N.E.2d 486.