[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Late in the evening on February 10, 2002, Herman Carter and some friends were standing outside a bar. While outside, Carter observed defendant-appellant Jason Hankins running towards him. Carter testified Hankins was holding a gun with a red light on it. According to Carter, upon seeing the gun, everyone ran. As he was running from Hankins, Carter heard gunshots, escaped into an apartment building, and called for emergency assistance. Carter testified that he did not know Hankins before this incident.
 {¶ 3} Officer Corso was nearby and heard the gunshots; he saw Hankins standing and wildly waving his hands. When Hankins saw Corso, Hankins began to run, and the officer chased him. Hankins discarded his coat during the chase and was apprehended by two other officers. Corso found four gun casings in the area, and another officer found a gun with a laser site in a parking lot near where Hankins had been. At the scene, Carter immediately identified Hankins as the shooter. After Hankins was taken to a district station, a gun-shot-residue test was preformed, and Hankins was found to have primer residue particles on his right hand.
 {¶ 4} Hankins was charged with felonious assault in violation of R.C. 2903.11(A)(2), with accompanying specifications, and possession of cocaine in contravention of R.C. 2925.11(A). The possession charge was later dismissed. After a jury trial, Hankins was found guilty of felonious assault and the specifications, and he was sentenced as appears of record. Hankins now appeals, asserting three assignments of error, none of which we find to be well taken.
 {¶ 5} In the first assignment of error, Hankins contends that his trial counsel was ineffective, citing the following reasons: (1) his lawyer failed to employ an eyewitness expert; (2) his lawyer offered into evidence an arrest and investigation report, which contained materially harmful information about his prior record; and (3) his lawyer failed to move for a mistrial after the jury raised questions about the arrest and investigation report. For a claim of ineffective assistance of counsel to succeed, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.[1]
 {¶ 6} First we address trial counsel's failure to employ an eyewitness. Trial counsel filed a motion to suppress the identification testimony prior to trial. The motion was denied. At trial, counsel did not present expert testimony relating to the validity and credibility of eyewitness testimony. Clearly, such a decision was sound trial strategy.[2] Further, even if we were to consider the failure to procure an expert as falling below the standard of effective representation, Hankins has failed to demonstrate that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.[3]
 {¶ 7} Next we address the information on the arrest and investigation report. The arrest and investigation report was introduced, in part, to discredit the identification testimony of Carter and Officer Corso. The report contained inadmissible information relating to Hankins's prior conviction. Neither party noticed that the inadmissible information was in the report until the jury raised a question relating to the report during deliberations. Once the inadmissible information was discovered, the trial court immediately instructed the jury that it was to disregard that information in making its decisions. Further, the court instructed the jury not to consider the cocaine charge that was dismissed before trial. Given the court's admonitions, even if we were to hold that counsel's performance was deficient in failing to have redacted the information from the report or in failing to request a mistrial, Hankins has failed to demonstrate prejudice. Accordingly, the first assignment of error is overruled.
 {¶ 8} In his second assignment, Hankins alleges that the trial court erred by failing to declare a mistrial after the jury raised a question about the information in the arrest and investigation report. Hankins did not move for a mistrial on this issue. Accordingly, we analyze this assignment under a plain-error standard.[4] Plain error does not exist unless, but for the error, the outcome at trial would have been different.[5] Based on the record before us, we cannot say that, but for the introduction of the arrest and investigation report, the result of the trial would have been different. Accordingly, the second assignment of error is overruled.
 {¶ 9} In the third assignment of error, Hankins contends that the trial court erred in not giving a requested jury instruction on eyewitness identification. The giving of jury instructions rests within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion.[6]
 {¶ 10} Defense counsel requested that a specific instruction be given about eyewitness testimony. The trial court refused to give the proposed instruction, finding that it was not "warranted," "needed," "helpful," or "appropriate" because evidence other than the eyewitness testimony was presented linking Hankins to the offense. We have reviewed the entire jury instructions, including the proposed instruction and the one given relating to credibility, and we cannot say that the trial court's decision was unreasonable, arbitrary, or unconscionable.[7] The third assignment of error is overruled.
 {¶ 11} We, therefore, affirm the judgment of the trial court.
 {¶ 12} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Winkler, JJ.
[1] See Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052;State v. Bradley (1989), 42 Ohio St.3d 136, 142, 536 N.E.2d 373.
[2] See State v. Carter (1995), 72 Ohio St.3d 545, 558,651 N.E.2d 965.
[3] See id. at 557-558.
[4] See Crim.R. 52(B).
[5] See State v. Underwood (1983), 3 Ohio St.3d 12, 444 N.E.2d 1332, syllabus.
[6] See State v. Martens (1993), 90 Ohio App.3d 338, 343,629 N.E.2d 462.
[7] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.