JOURNAL ENTRY AND OPINION
{¶ 1} Defendant appeals his conviction in Case No. 442139, on one count of telephone harassment in violation of R.C. 2917.21, a misdemeanor. The indictment, however, also carried a notice of a prior conviction[1] specification, which elevated the charge from a misdemeanor to a fifth degree felony.
 {¶ 2} In September and October 2003, defendant was indicted in two separate cases, the instant case and Case No. 444363.[2] Both indicted offenses were for telephone harassment of defendant's former in-laws.
 {¶ 3} Defendant originally entered not guilty pleas to both charges. However, in December, 2003, defendant entered guilty pleas to both charges.
 {¶ 4} Following sentencing, defendant filed the instant appeal, in which he presents one assignment of error:
 {¶ 5} Appellant was denied his right to freedom without due process, as guaranteed by amendment V and amendment VI to the United States Constitution and by the Ohio Constitution, ArticleI, section 10, because his guilty plea to the charges against him was not made knowingly and intelligently and, therefore, was in violation of Crim.R.11 and R.C. 2929.19.
 {¶ 6} Defendant argues that his guilty plea in the instant case was not given voluntarily and intelligently, because the court did not explain that he was pleading guilty to a fifth degree felony enhanced from a misdemeanor as a result of his prior conviction.
 {¶ 7} Defendant did not object below; therefore, we review the record under a plain error standard. State v. Collier,
Cuyahoga App. No. 82961, 2004-Ohio-3471.
It is well established that the failure to object to an error in a criminal proceeding precludes the issue from being raised unless it rises to the level of plain error. State v. Underwood
(1983), 3 Ohio St.3d 12, 13, 3 Ohio B. 360, 444 N.E.2d 1332. "An error does not rise to the level of plain error unless, but for the error, the outcome of the trial clearly would have been otherwise." State v. Wickline (1990), 50 Ohio St.3d 114, 120,552 N.E.2d 913. Furthermore, "the plain error rule is to be applied with the utmost caution and invoked only under exceptional circumstances, in order to prevent a manifest miscarriage of justice." State v. Cooperrider (1983),4 Ohio St.3d 226, 227, 4 Ohio B. 580, 448 N.E.2d 452.
 {¶ 8} Id., at ¶ 25.
 {¶ 9} During its plea hearing in the case at bar, the trial court explained to defendant the consequences of pleading guilty:
THE COURT: Mr. Roth, I'm going to talk about specific allegations. Case 442139 you have been charged in a single count with telecommunications harassment in violation of 2917.21.
On July 19, 2003, in this county, you did knowingly make, cause to be made, or knowingly permit a telecommunication to be made from a telecommunications device under your control to William McWilliam and/or Charles Suk, S-u-k or Catherine Suk, S-u-k, did knowingly make or cause to be made or knowingly permit telecommunications to be made when the telecommunications device was under your control to William McWilliam and/or Charles Suk and/or Catherine Suk with the purpose to abuse, threaten or harass another person in violation of 2913.21 [sic] of the Revised Code.
Also there is a notice of prior conviction. It states that the grand jurors further find and specify that the offender has been previously found guilty or pled guilty to telecommunications harassment, to wit: said Robert Roth, with counsel, on or about the 4th day of June 2001, in the Parma Municipal Court, Cuyahoga County, Case Number 01CRB01442-1-1, having been convicted of the crime of telecommunications harassment in violation of 2913.21 of the State of Ohio — Mr. Roth, do you understand those allegations?
 {¶ 10} THE DEFENDANT: Yes.
 {¶ 11} * * *
 {¶ 12} THE COURT: Do you understand as indicted with this prior conviction it becomes a felony of the fifth degree and carries with it a possible incarceration of six months up to 12 months and that would be in one month increments?
 {¶ 13} THE DEFENDANT: Yes.
 {¶ 14} * * *
 {¶ 15} THE COURT: * * * In Case Number 444363, again you have been charged with telecommunications harassment. * * * Mr. Roth, do you understand that allegation?
 {¶ 16} THE DEFENDANT: Yes.
 {¶ 17} THE COURT: Do you understand that statutes [sic], a misdemeanor of the first degree carries with it a possible six months in jail locally and $1,000 fine. Is that clear?
 {¶ 18} THE DEFENDANT: Yes.
 {¶ 19} * * *
 {¶ 20} THE COURT: Mr. Roth, how do you plead in Case Number 442139 to the charge of telecommunications harassment, felony ofthe fifth degree?
 {¶ 21} THE DEFENDANT: Guilty.
 {¶ 22} THE COURT: Mr. Roth how do you plead in case Number 444363 to the charge of harassment?.
 {¶ 23} THE DEFENDANT: Guilty.
 {¶ 24} THE COURT: Let the record reflect that the Court finds the defendant knowingly, voluntarily, and with a full understanding of his rights entered his change of plea.
Mr. Roth, the Court finds you guilty of the crime of telecommunications harassment with a prior conviction in 442139, felony of the fifth degree. Also finds you guilty in 444363.
 {¶ 25} Tr. pp. 8-14, emphasis added.
 {¶ 26} On the record before this court, we reject defendant's argument that his plea was not voluntary or intelligent. The trial court advised defendant that it had notice of a prior conviction, which caused the current conviction to become a fifth degree felony. The court specified the crime he was pleading guilty to was a felony of the fifth degree. The trial court did not err. Defendant's sole assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and Dyke, J., Concur.
[1] The prior conviction related to defendant's conviction in June, 1999, for telephone harassment.
[2] Defendant's plea in Case No. 444363 is not part of this appeal.