{¶ 18} The majority holds that because Defendant-Appellant failed to object to the valuation instruction the court gave, the trial court did not abuse its discretion when it failed to instruct the jury pursuant to R.C. 2913.61(D)(2) with respect to its finding concerning the value of the stolen property. I do not agree.
 {¶ 19} Crim. R. 30 prevents a party from assigning error on appeal concerning "the failure to give any instructions unless the party objects before the jury retires to consider the verdict, stating specifically the matter objected to and the grounds of the objection." That failure does not relieve the court of an abuse of discretion it committed, however. It merely waives the error for purposes of appeal, limiting the appellate court to a plain error review. State v.Underwood (1983), 3 Ohio St.3d 12. Plain error does not exist unless, but for the error, the outcome of the trial court would have been otherwise. State v. Long (1978), 53 Ohio St.2d 91.
 {¶ 20} On this record, the trial court abused its discretion when it failed to charge the jury pursuant to R.C. 2913.06(D)2) with respect to its valuation of the stolen property, because the evidence would reasonably support a finding that the property fit the criteria which that section sets out. It was Defendant-Appellant's burden to timely object to the error before the jury retired, State v. Stallings,89 Ohio St.3d 280, 2000-Ohio-164, stating specifically the matter being questioned and the grounds of her objection. State v. Strub (1975), 48 Ohio App.2d 57. Defendant-Appellant failed to do that. Therefore, pursuant to Crim. R. 30 the error was waived. On this record, and the standard of Long, plain error is not shown. *Page 1