DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals his conviction for aggravated drug possession, entered on a jury verdict in the Lucas County Court of Common Pleas. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} On June 7, 2005, a confidential informant told Toledo police that appellant, Albert Weathers, was dealing cocaine and heroin from his Upton Avenue home. On this information, police sought and obtained a warrant to search the property for drugs.
 {¶ 3} On June 8, 2005, police executed the search warrant, but discovered no cocaine or heroin. Instead, police discovered a baggie containing 40 tablets of the prescription drug Percocet secreted in the cassette tape well of a boombox in appellant's bedroom. Percocet's active ingredient, oxycodone, is a schedule II narcotic. Police also discovered four boxes of sandwich bags, a police scanner and $4,000 cash in the bedroom.
 {¶ 4} Appellant was in the house during the search. An officer later testified that, when appellant became aware that the pills had been found, he said, "Those are for my bad back."
 {¶ 5} Appellant was arrested and later indicted for aggravated drug possession in violation of R.C. 2925.11(A) and (C)(1)(b), a third-degree felony. He pled not guilty and the matter proceeded to trial before a jury.
 {¶ 6} At trial, appellant called a man who testified that he was a roomer in appellant's home and that the drugs police found were his. The jury was apparently not persuaded and found appellant guilty as charged. Following a presentence investigation, the court sentenced appellant to a three-year term of incarceration.
 {¶ 7} From this judgment of conviction, appellant now brings this appeal, setting forth the following two assignments of error: *Page 3 
 {¶ 8} "I. It constituted plain error for the trial court to instruct the jury as to the identity of the controlled substance, since identity of the substance is an element of the crime and therefore constitutes a question of fact to be determined by the jury.
 {¶ 9} "II. The verdict was against the manifest weight of the evidence."
 I. Jury Instruction {¶ 10} Following closing arguments, the court issued its instructions to the jury:
 {¶ 11} "There are 5 elements that must be proved beyond a reasonable doubt before the defendant can be found guilty of aggravated possession of drugs. They are that the defendant did 1, knowingly; 2, possess; 3, oxycodone, a controlled substance; 4, the amount of drug involved exceeded the bulk amount, but did not exceed 5 times the book amount; and 5 is venue.
 {¶ 12} "These elements are defined as follows:
 {¶ 13} "* * *
 {¶ 14} "Three, oxycodone, a controlled substance. Controlled substance means a drug, compound, mixture, preparation of substance included in a schedule I, II, III, IV or V. Oxycodone is included in schedule I or II controlled substance. [sic]
 {¶ 15} "* * *."
 {¶ 16} Appellant did not object to the instruction at trial. On appeal, appellant argues that the identity and quantity of a drug are elements of the offense and that the trial court committed plain error by directing the jury to decide that oxycodone is a schedule I or II controlled substance. *Page 4 
 {¶ 17} "The failure to object to a jury instruction constitutes a waiver of any claim of error relative thereto, unless, but for the error, the outcome of the trial clearly would have been otherwise."State v. Underwood (1983), 3 Ohio St.3d 12, syllabus.
 {¶ 18} If the court had directed the jury to find that the substance at issue was oxycodone, it would have invaded the jury's province as trier of fact. That oxycodone is a schedule II narcotic is a correct statement of law, see R.C. 3719.41 (schedule II(A)(1)(o)), and this determination is properly with the court as a matter of law. State v.Reed (1983) 14 Ohio App.3d 63, 68.
 {¶ 19} Accordingly, appellant's first assignment of error is not well-taken.
 II. Manifest Weight {¶ 20} A verdict or finding may be overturned on appeal if it is against the manifest weight of the evidence. In reviewing whether a verdict is against the manifest weight of the evidence, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered.State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 21} The trier of fact may believe all, part or none of the testimony of witnesses before it. State v. Maine, 4th Dist. No. 04CA46,2005-Ohio-3742, ¶ 20; State v. Antill (1964), 176 Ohio St. 61, 67. In this matter, the jury apparently did not believe the testimony of appellant's roomer who claimed ownership of the drugs at issue. Having reviewed the transcript of the proceedings in its entirety, we can find nothing to suggest *Page 5 
the trier fact lost its way or that a manifest miscarriage of justice requires a new trial. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 22} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1