Mock, P.J., concurring in part and dissenting in part.
 

 {¶ 26} While I agree with all other aspects of the majority opinion, I believe that the trial court's failure to give the complete jury instruction on the affirmative defense of defense of another did not rise to the level of plain error warranting reversal of Love's conviction. And it is from that portion of the majority opinion that I dissent.
 

 {¶ 27} The majority correctly points out that this issue was not preserved for appellate review because Love failed to object to the trial court's jury instruction. Crim.R. 30(A). Accordingly, any error in those jury instructions has been waived unless it rises to the level of "plain error."
 
 State v. Underwood
 
 ,
 
 3 Ohio St.3d 12
 
 , 13,
 
 444 N.E.2d 1332
 
 (1983). Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The Ohio Supreme Court has outlined the implementation of this rule.
 

 By its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. First, there must be an error, i.e., a deviation from a legal rule. Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. Third, the error must have affected "substantial rights." We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial.
 

 Even if a forfeited error satisfies these three prongs, however, Crim.R. 52(B) does not demand that an appellate court correct it. Crim.R. 52(B) states only that a reviewing court "may" notice plain forfeited errors; a court is not obliged to correct them. We have acknowledged the discretionary aspect of Crim.R. 52(B) by admonishing courts to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."
 

 (Citations omitted.)
 
 State v. Barnes
 
 ,
 
 94 Ohio St.3d 21
 
 , 27,
 
 759 N.E.2d 1240
 
 (2002).
 

 {¶ 28} I agree that the trial court erred when it failed to inform the jury that "if you find that the defendant proved by a preponderance of the evidence the defense of [defense of another], then you must find the defendant [not guilty]." 2
 
 Ohio Jury Instructions
 
 , CR Section 425.03 (Sept.2017). I also agree that the error was an obvious defect in the proceeding. But this record does not support the conclusion that Love's substantial rights have been violated to the point that the outcome of the trial was affected.
 

 {¶ 29} This court has held that the evidence presented at trial was sufficient to support Love's convictions, and I would further conclude that his convictions were not against the manifest weight of the evidence. Additionally, during his closing argument, Love's counsel centered his argument on the premise that the state had failed to prove its case beyond a reasonable doubt. Only as an afterthought did counsel raise the affirmative defense. Further, while the jury was presented with the definition of defense of another and Love's burden of proof on that affirmative defense, it asked no questions about its implementation. This indication that the jury did not reach the issue-along with the paucity of the evidence to support it and the lack of emphasis by counsel-solidifies, in my mind, that this case does not represent such exceptional circumstances that a reversal is required to prevent a manifest miscarriage of justice.
 

 {¶ 30} I agree that the failure to properly instruct the jury was error, but the error was harmless and does not warrant reversal of Love's conviction.