[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} Following a jury trial, defendant-appellant Brandon Pouncy was found guilty of two counts of felonious assault with gun specifications, and of having a weapon while under disability. The felonious-assault counts were merged for sentencing purposes. The trial court sentenced Pouncy to a four-year term of incarceration for felonious assault, a consecutive three-year term of incarceration for the accompanying gun specification, and a one-year term of incarceration for the weapon-under-disability count. Pouncy now appeals.
{¶ 3} In his first assignment of error, Pouncy argues that the trial court erred by failing to admit into evidence written statements of the victim. But the record clearly demonstrates that the trial court did
admit the written statements into evidence, without objection from the prosecutor. We overrule the first assignment of error.
{¶ 4} In his second assignment of error, Pouncy argues that the jury's verdict was against the manifest weight of the evidence. The state presented evidence indicating that, following an argument, Pouncy had picked up a gun, cocked it, and shot his friend in the face. After reviewing the record, we cannot conclude that the jury lost its way or created such a manifest miscarriage of justice that we must reverse Pouncy's conviction and order a new trial.[1] Therefore, the conviction was not against the manifest weight of the evidence, and we overrule Pouncy's second assignment of error.
{¶ 5} In his third assignment of error, Pouncy argues that the trial court erred by not instructing the jury on negligent assault, even though not only did he fail to request such an instruction, but he also failed to object to the instructions given at trial.[2] His "failure to object to a jury instruction constitutes a waiver of any claim of error relative thereto, unless, but for the error, the outcome of the trial clearly would have been otherwise."[3] Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.[4]
{¶ 6} The mere fact that an offense is a lesser-included offense of another does not necessitate a jury charge on the lesser-included offense.[5] A jury instruction on a lesser-included offense should only be given when the evidence presented at trial reasonably supports an acquittal on the crime charged and a conviction on a lesser-included offense of the crime charged.[6] Pouncy claims that the evidence supported an acquittal on felonious assault and a conviction on negligent assault.
{¶ 7} Negligent assault is a lesser-included offense of felonious assault.[7] "The only statutory difference between felonious assault and negligent assault is the mens rea necessary to be convicted of the crime."[8] Felonious assault requires a showing that the defendant acted knowingly, while negligent assault requires a showing that the defendant acted negligently. In this case, in order for the trial court to have given an instruction on negligent assault, the evidence must have supported a finding that Pouncy negligently shot the victim, while not supporting a finding that he knowingly shot the victim.
{¶ 8} The evidence presented at trial revealed that Pouncy, the victim, and Dorian Tooson were in Pouncy's basement. Pouncy and the victim got into an argument over a video-cassette recorder. Pouncy took a gun from a table and walked around the victim toward the basement stairs. The victim had begun to look for a videotape when he heard Pouncy cock the gun. The victim turned around just in time for Pouncy to shoot him in the face. The victim testified that, after the shooting, Pouncy still had the smoking gun in his hand.
{¶ 9} The victim also testified that, a few weeks earlier, he and Pouncy had been sitting at a table in the same basement when they had gotten into an argument. When the victim had refused to give Pouncy a cigarette, Pouncy said, "If you don't give me one, I'm going to shoot you." With that, Pouncy shot him in the hand with a pellet gun. At the time, the victim had been holding his hand to his face. The pellet lodged in the victim's finger. Under these circumstances, the jury reasonably could have found that the evidence of the prior shooting demonstrated the absence of an accident by Pouncy in the later shooting.
{¶ 10} The evidence demonstrated that Pouncy had told others at least four different versions of how the later shooting occurred. The victim's father testified that Pouncy had told him two different versions of how the shooting occurred. First, Pouncy said that he did not know what had happened. At a later time, Pouncy claimed that he, the victim, and Tooson had been playing with guns, and that he did not know whether it was his gun or Tooson's gun that had been fired. A police officer testified that Pouncy had told him that he had been in the bathroom at the top of the basement steps when he heard a gunshot, and that he had run downstairs to find the victim holding his neck and bleeding. Later, Pouncy told the officer that the three of them had been preparing to clean some guns. Pouncy said that he had turned his back and crossed the room to get a gun-cleaning kit when he heard a gunshot. Pouncy said that he had turned to find the victim holding his neck and Tooson holding a handgun.
{¶ 11} The evidence does not indicate that Pouncy acted negligently. No evidence was presented that demonstrated that Pouncy had failed to perceive or avoid a risk that his conduct may have caused a certain result because of a substantial lapse from due care.[9] On the contrary, the evidence demonstrated that Pouncy was aware that his conduct would probably cause a certain result,[10] i.e., that firing the gun at the victim would cause him physical injury. Because the record contains evidence upon which a reasonable jury could convict Pouncy only of felonious assault, we find no plain error in the trial court's failure to instruct the jury on negligent assault.[11] We overrule Pouncy's third assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Winkler, JJ.
[1] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541; State v. Allen (1990), 69 Ohio App.3d 366, 374,590 N.E.2d 1272.
[2] Crim.R. 30.
[3] State v. Twyford, 94 Ohio St.3d 340, 349-350, 2002-Ohio-894,763 N.E.2d 122, citing State v. Underwood (1983), 3 Ohio St.3d 12,444 N.E.2d 1332.
[4] State v. Long (1978), 53 Ohio St.2d 91, 94, 372 N.E.2d 804.
[5] State v. Thomas (1988), 40 Ohio St.3d 213, 216, 533 N.E.2d 286.
[6] Id.
[7] See State v. Wong (1994), 95 Ohio App.3d 39, 54,641 N.E.2d 1137.
[8] Id.
[9] R.C. 2901.22(D).
[10] R.C. 2901.22(B).
[11] See Thomas, supra; Wong, supra; see, also, State v. Jackson, 12th Dist. No. CA2001-10-239, 2002-Ohio-4705; State v. Evans, 7th Dist. No. 00 C.A. 93, 2002-Ohio-3047.