Decision and Journal Entry.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made.
{¶ 1} Appellant, Robert Merryman, appeals the decision of the Lorain County Court of Common pleas, which found him guilty of rape, kidnapping, sexual battery, and complicity to sexual battery. This Court affirms.
 I. {¶ 2} Appellant was originally indicted by the Lorain County Grand Jury for five counts of rape, a violation of R.C. 2907.05(A)(1)(a) and/or (A)(2); one count of complicity to rape, a violation of R.C.2923.03(A)(2)/2907.02(A)(1); one count of kidnapping, a violation of R.C. 2905.01(A)(4); and six counts of sexual battery, a violation of R.C. 2907.03(A)(2). Appellant pled not guilty to all counts.
 {¶ 3} Appellant's case was consolidated with the case of co-defendant Melissa Williams. Williams was indicted by the Lorain County Grand Jury for five counts of complicity to rape, one count of rape, one count of kidnapping, and five counts of sexual battery.
 {¶ 4} The case proceeded to trial before a jury on May 17, 2001. On the second day of trial, the trial court declared a mistrial. The matter proceeded again to jury trial on June 25, 2002. Appellant was found guilty of one count of rape, one count of kidnapping, three counts of sexual battery, and one count of complicity to sexual battery. The trial court sentenced appellant to a total term of imprisonment of ten years.
 {¶ 5} Appellant timely appealed, setting forth five assignments of error for review. This Court has combined appellant's second, third, fourth and fifth assignments of error to facilitate review.
 II. FIRST ASSIGNMENT OF ERROR
"The court committed error to the prejudice of appellant by accepting a verdict and sentencing appellant on a verdict finding appellant guilty of offenses regarding separate counts of the indictment which had been dismissed by the State of Ohio prior to trial or were otherwise contrary to law."
¶ 6} In his first assignment of error, appellant argues that the trial court erred when it accepted a verdict finding him guilty of offenses regarding separate counts of the indictment which had been dismissed by the State prior to trial. Specifically, appellant states that even though the indictment was not defective in terms of the language contained in it, the trial court mistakenly referred to counts in the indictment, some of which had been dismissed, and therefore, the jury erroneously convicted appellant of counts that had been dismissed. This Court disagrees.
 {¶ 7} Counts one through five of the indictment charged appellant with rape, a violation of R.C. 2907.02(A)(1)(a) and/or (A)(2). Count six of the indictment charged appellant with complicity to rape, a violation of R.C. 2923.03(A)(2)/2907.02(A)(1). Count seven charged appellant with kidnapping, a violation of R.C. 2905.01(A)(4). Counts eight through thirteen charged appellant with sexual battery, a violation of R.C.2907.03(A)(2). Prior to appellant's first jury trial, the State dismissed counts one and eight, rape and sexual battery respectively. The State also dismissed the (A)(1)(a) portion of counts two through five. Prior to appellant's second jury trial, the State dismissed counts three through six and count thirteen. All of these dismissals were done without objection from defense counsel. Thus, the counts remaining at the beginning of appellant's second jury trial were count two, rape; count seven, kidnapping; and counts nine, ten, eleven, and twelve, sexual battery. The State also made it known on the record that it intended to seek a complicity charge to one or more of the remaining counts for the purposes of jury instructions.
 {¶ 8} Following closing arguments, the trial court instructed the jury that appellant was charged in count one of the indictment with rape, in count two with kidnapping, in count three with sexual battery, in count four with sexual battery, in count five with sexual battery, and in count six with complicity to sexual battery. The kidnapping charge was actually count seven of the indictment. The three counts of sexual battery were actually counts nine, ten, and eleven, of the indictment.
 {¶ 9} Appellant was found guilty of one count of rape, one count of kidnapping, three counts of sexual battery, and one count of complicity to sexual battery.
 {¶ 10} In the present case, appellant argues that the trial court's instructions resulted in appellant being convicted of charges that had been dismissed. This Court disagrees. The crimes of which the jury found appellant guilty were the six remaining crimes listed in the indictment, and a review of the record reveals that the trial court gave the proper instructions regarding each count. The trial court merely arranged the counts for ease of deliberation of the jury. Appellant is challenging the procedure in which the trial court submitted the charges to the jury. This Court notes that defense counsel failed to object to the manner in which the trial court instructed the jury.
 {¶ 11} After instructing the jury, the trial court asked: "Anything further from counsel at this point?" Counsel for appellant answered: "Nothing, Your Honor. Thank you." In addition, a review of the record reveals that defense counsel did not object at anytime during the instructions.
 {¶ 12} Crim.R. 30(A) provides: "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict[.]" The record shows that appellant did not object to the jury instructions at any time. By failing to object at trial or to request specific instructions, appellant has waived all but plain error. State v. Coley,93 Ohio St.3d 253, 266, 2001-Ohio-1340; see, also, State v. Underwood
(1983), 3 Ohio St.3d 12, syllabus ("The failure to object to a jury instruction constitutes a waiver of any claim of error relative thereto, unless, but for the error, the outcome of the trial clearly would have been otherwise.").
 {¶ 13} Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"As to all counts of the indictment against appellant the court committed error in failing to grant motion of appellant for acquittal pursuant to Crim.[R.] 29 as requested by appellant following presentation of the state's evidence and as repeated during trial including at the end of the return of the jury verdict as same was legally insufficient to support a conviction of any of the charges against him."
 THIRD ASSIGNMENT OF ERROR
"The verdict and conviction of appellant as to all counts of the indictment were against the manifest weight of the evidence."
¶ 14} In his second and third assignments of error, appellant challenges the adequacy of the evidence produced at trial. Specifically, appellant avers that his conviction for felonious assault was based on insufficient evidence and against the manifest weight of the evidence. An evaluation of the weight of the evidence, however, is dispositive of both issues in this case. Appellant's assignments of error lack merit.
 {¶ 15} As a preliminary matter, this Court notes that sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997),78 Ohio St.3d 380, 386.
 {¶ 16} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates "that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt." State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." Thompkins, 78 Ohio St.3d at 386.
 {¶ 17} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, citingThompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
¶ 18} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 19} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 20} Appellant was found guilty of rape, in violation of R.C.2907.02(A)(2) which provides: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." Appellant was also convicted of kidnapping, a violation of R.C. 2905.01(A)(4), which states, in relevant part:
"No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person * * *
"[t]o engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will[.]"
¶ 21} The jury also found appellant guilty of sexual battery, a violation of R.C. 2904.03(A)(2) and complicity to sexual battery, in violation of R.C. 2923.03(A)(2), which provide, in pertinent part:
"No person shall engage in sexual conduct with another, not the spouse of the offender, when * * *
"[t]he offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired[.]" R.C. 2907.03(A)(2)
"No person, acting with the kind of culpability required for the commission of an offense, shall * * *
"[a]id or abet another in committing the offense[.]" R.C. 2923.03(A)(2).
¶ 22} The victim testified on behalf of the State. The victim testified that she went out the night of July 20, 1998, with the appellant and co-defendant Williams. According to the victim's testimony, the three went to a bar named Ozzy's, where she had 7-10 alcoholic beverages. The victim stated that after Ozzy's, the three went to Mardi Gras where she had another 5-6 drinks. The victim testified that, while they were at Mardi Gras, Williams approached her about engaging in a threesome with Williams and appellant. The victim testified that she told Williams that she was not interested in engaging in such an activity. The victim stated that, when the three left the Mardi Gras, she was in and out of consciousness in the car. The victim testified that she doesn't remember anything from the time she got into the car until she woke up and found appellant on top of and inside her. The victim testified that when she awoke, her legs were over appellant's arms. The victim stated that when she awoke, she tried to push appellant off of her and told him repeatedly to stop. The victim further testified that when the upper half of her body fell off the bed, appellant put her back up on the bed and began to have sex with her again. The victim testified that when appellant got off of her, she found her clothes and left the motel to go call someone to come pick her up.
 {¶ 23} Dr. Allan Starr also testified on behalf of the State. Dr. Starr is staff director of the emergency department at Elyria Memorial Hospital Regional Health Center. Dr. Starr examined the victim upon her arrival at the hospital. Dr. Starr testified that he found no evidence of trauma, based on medical/physical findings. Upon further questioning, Dr. Starr said it was entirely possible that the victim was raped even though there were no signs of trauma.
 {¶ 24} The State also called Brenda Gerardi as a witness. Ms. Gerardi is employed as a forensic scientist in the Serology/DNA section of the Ohio Bureau of Criminal Investigation ("BCI"). Ms. Gerardi used the victim's rape kit submitted by the North Ridgeville Police Department to perform tests to detect the presence of semen. Ms. Gerardi testified that semen was found on the vaginal and rectal smears in the victim's rape kit.
 {¶ 25} Lynn Bolin also testified on behalf of the State. Ms. Bolin is employed by the BCI as a DNA analyst. Ms. Bolin testified that she found both the victim's and Merryman's DNA on the rectal and vaginal swabs that were submitted in the victim's rape kit. Ms. Bolin further testified that, in her professional opinion, the sperm she found on the anal and vaginal swabs was Merryman's.
 {¶ 26} Appellant testified on his own behalf. Appellant testified that he, the victim and Williams engaged in consensual sex. Appellant stated that, after having sex with the victim, he went to sleep beside of Williams. Appellant testified that he woke up when he heard the door to the motel room shut. Appellant stated that he then woke up Williams and the two got dressed and went to look for the victim. Appellant testified that the victim took her own clothes off and was able to make decisions on her own. Appellant denied having anal sex with the victim.
 {¶ 27} Melissa Williams also testified on behalf of the defense. Ms. Williams testified that she proposed the idea of a threesome between her, the victim, and appellant while they were at the Riviera and that the victim agreed to participate. Ms. Williams further testified that she and the victim also discussed engaging in a threesome while they were at the Mardi Gras. Upon cross-examination, Ms. Williams testified that the victim was drunk when the three left the Mardi Gras. Ms. Williams testified that, after arriving at the Ridge Motel, she had sex with appellant; she performed oral sex on victim; the victim performed oral sex on appellant; appellant had sex with the victim; and appellant had sex again with Ms. Williams. Ms. Williams stated that after the sexual activity occurred, she and appellant went to sleep. Ms. Williams testified that, at that point, the victim was sleeping on the other bed in the motel room. Ms. Williams stated that around 5:30 a.m. on the morning of July 21, 1998, appellant woke her up and told her that the victim had left. Ms. Williams testified that she and appellant got dressed and went to look for appellant.
 {¶ 28} After careful review of the record, this Court cannot conclude that the jury lost its way and created a manifest miscarriage of justice when it convicted appellant of rape, kidnapping, sexual battery, and complicity to sexual battery. Although conflicting testimony was presented, this Court refuses to overturn the verdict because the jury chose to believe the testimony of the state's witnesses. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757. Accordingly, this Court holds that appellant's convictions were not against the manifest weight of the evidence.
 {¶ 29} Appellant's second and third assignments of error are overruled.
 FOURTH ASSIGNMENT OF ERROR
"The court committed error to the prejudice of appellant in refusing to allow appellant to cross examine alleged victim Austin as to sexual activity on her part one or two days prior to the date of the claimed illegal sexual conduct of appellant as same related to origin of semen."
 FIFTH ASSIGNMENT OF ERROR
"The court committed error to the prejudice of appellant by refusing to allow DNA expert of appellant to testify that the DNA of a person other than appellant was located in the anal area of alleged victim Austin."
¶ 30} In his fourth and fifth assignments of error, appellant argues that the trial court erred by refusing to let defense counsel cross-examine the victim regarding whether she engaged in sexual activity with another person one or two days before the date of the incident in question, and by refusing to allow appellant's DNA expert witness to testify that the DNA of a person other than appellant was located in the anal area of the victim. This Court disagrees.
 {¶ 31} In these two assignments, appellant argues that the trial court should have allowed cross-examination of the victim regarding her recent sexual activity with other individuals and the admission of testimony of his DNA expert that DNA of a person other than appellant was located in the anal area of the victim in order to prove the origin of semen. Appellant's arguments are not well-taken.
 {¶ 32} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. This Court will not reverse the trial court's decision to admit or exclude relevant evidence absent an abuse of discretion. Id. at 182. A trial court has abused its discretion only when its decision is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151. When applying the abuse of discretion standard, a reviewing court may not merely substitute its judgment for that of the trial court. See In re Jane Doe1 (1991), 57 Ohio St.3d 135. This Court finds no abuse of discretion.
 {¶ 33} This Court has held: "[w]here the defense is that of consent, there is no issue as to the `origin of semen' as the `origin of semen' has been admitted." State v. Anderson (June 1, 1978), 9th Dist. No. 8733. Appellant admits to engaging in vaginal intercourse with the victim. However, he maintains that the sexual contact was consensual. Therefore, the existence of another person's DNA in the victim's anal area is not relevant, and was properly excluded by the trial court.
 {¶ 34} Appellant's fourth and fifth assignments of error are overruled.
 III. {¶ 35} Having overruled appellant's five assignments of error, the decision of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
SLABY, P.J. and BATCHELDER, J. concur.