DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, James Stalnaker, appeals from his convictions in the Akron Municipal Court. This Court affirms.
 I. {¶ 2} On December 1, 2006, Appellant, James Stalnaker, was involved in a car accident in which his vehicle struck a telephone pole. Shortly thereafter, several individuals who heard the accident came out to the road to investigate. These individuals observed Stalnaker sitting in the driver's seat of the crashed vehicle, with his seatbelt fastened, air bags deployed, pressing the gas pedal. One of the individuals called 911 and spoke with an operator. Two Akron Police *Page 2 
officers responded to the 911 call. Stalnaker was ultimately transported by ambulance to Barberton Citizens Hospital. En route, Stalnaker was extremely combative. Upon arrival at the hospital, he refused treatment. Stalnaker was charged with one count of operating a vehicle while under the influence of alcohol, in violation of Akron City Code 73.01(A)(1)(a), and one count of failure to control, in violation of Akron City Code 73.13(A).
 {¶ 3} Stalnaker's case proceeded to trial before a jury on January 2, 2007. At trial, Stalnaker presented a defense that his vehicle was driven by a female that he had met at a bar earlier that evening. A witness testified on Stalnaker's behalf that he heard the crash and saw a woman exit the driver's side of the vehicle. The witness testified that the woman fled past him as he approached the car. The witness determined that Stalnaker was not injured, gave him his information and then left the accident scene.
 {¶ 4} The jury returned a guilty verdict and the trial court sentenced Stalnaker to 180 days incarceration. In addition, the trial court fined Stalnaker $500 and suspended his driver's license for two years. Additionally, on January 31, 2007, the trial court found Stalnaker guilty of a misdemeanor count of failure to control. Stalnaker timely appealed the trial court's decision, raising two assignments of error for our review. Stalnaker twice moved to stay execution of judgment and set appellate bond. The trial court denied both motions.
 II. *Page 3 ASSIGNMENT OF ERROR I "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND VIOLATED STALNAKER'S DUE PROCESS RIGHTS AND RIGHT TO A FAIR TRIAL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS AND ARTICLE I, SEC. 10 OF THE OHIO CONSTITUTION WHEN IT FAILED TO PROPERLY INSTRUCT THE JURY ON BOTH CRIMES ALLEGED BY THE CITY."
 {¶ 5} In his first assignment of error, Stalnaker asserts that the trial court committed prejudicial error and violated his due process rights and right to a fair trial under the Sixth and Fourteenth Amendments and Article I, Section 10 of the Ohio Constitution when it failed to properly instruct the jury on both crimes alleged by the City. We disagree.
 {¶ 6} On appeal, Stalnaker asserts that the City argued the operating under the influence charge under two separate sets of facts. One set of facts involved operating the vehicle before the crash; the other set of facts concerned operating the vehicle after the crash. He claims that the jury should have been specifically instructed that it must agree on one theory or the other and reach a unanimous verdict on that theory. However, the record reflects that Stalnaker requested an instruction on operability. Contrary to his assertions on appeal, he failed to request an instruction on unanimity. Crim.R. 30 provides, in relevant part, that
 "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." (Emphasis added.) *Page 4 
 {¶ 7} As Stalnaker has failed to preserve the error by objecting to the jury instructions and specifically stating the matter to which he objected, he has waived all challenges except plain error. State v.Skatzes, 104 Ohio St.3d 195, 2004-Ohio-6391, at ¶ 52, citing State v.Underwood (1983), 3 Ohio St.3d 12, syllabus.
 {¶ 8} Pursuant to Crim.R. 52(B) "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error `is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" State v. Keener, 11th Dist. No 2005-L-182, 2006-Ohio-5650, at ¶ 19, quoting State v. Long (1978), 53 Ohio St.2d 91, 97. As such, "[p]lain error exists only where the results of the trial court would have been different without the alleged error."Keener, supra, at ¶ 19.
 {¶ 9} We find no plain error here. Stalnaker was charged with violating A.C.C. 73.01(A)(1)(a), which provides, in relevant part:
 "No person shall operate any vehicle within the municipality, if, at the time of the operation, any of the following apply:
 "[t]he person is under the influence of alcohol, a drug of abuse, or a combination of them[.]"
The trial court gave standard Ohio Jury Instructions including the definitions of "operate", "vehicle", "alcohol", and "reasonable doubt". The trial court also explained the difference between circumstantial and direct evidence. In addition, the trial court gave two unanimity instructions, first stating "[whenever all eight, *Page 5 
and I repeat, all eight of you agree upon a verdict, which means it has to be unanimous, then you are to sign the verdict form" and later informing the jury that they needed to insert their finding of either "guilty" or "not guilty" on the line underneath the words "operating a motor vehicle" on the verdict form. The trial court explained that the verdict form must be signed by all eight jurors.
 {¶ 10} Stalnaker cannot establish that the jury's result would have been different had the trial court provided an additional instruction on unanimity. Both factual scenarios require findings that Stalnaker operated a motor vehicle within Akron city limits while under the influence of alcohol. We find that the trial court's unanimity instruction was sufficient. Without more evidence, Stalnaker cannot establish that the jury's result would have been different. Accordingly, Stalnaker's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT COMMITTED PLAIN ERROR BY ADMITTING INTO EVIDENCE A 911 TAPE WITHOUT REQUIRING THE CITY OF AKRON TO PROPERLY AUTHENTICATE THE TAPE PURSUANT TO EVID.R. 901."
 {¶ 11} In his second assignment of error, Stalnaker contends that the trial court committed plain error in admitting a 911 tape without requiring the City of Akron to properly authenticate the tape pursuant to Evid.R. 901. We disagree.
 {¶ 12} The record reflects that when the City attempted to introduce the 911 tape at trial, Stalnaker objected to the admission of the tape, but not to its *Page 6 
authenticity. As such, absent plain error, he has waived this issue for appeal. Crim.R. 52(B); State v. White, 4th Dist. No. 03CA2926,2004-Ohio-6005, at ¶ 58.
 {¶ 13} The City introduced the 911 tape to demonstrate that one of its witnesses called 911 immediately after hearing the crash. On appeal, the City concedes that it did not submit testimony from a dispatcher to properly authenticate the 911 tape. Despite this omission, we cannot find that this error affects a substantial right. The City presented several other witnesses who testified that within 15-20 seconds to a few minutes after they heard the car crash, they observed Stalnaker attempting to operate the vehicle from the driver's side. Stalnaker argues that the 911 tape was the key piece of evidence that undermined his witness' story that he observed a woman exit the driver's side of the vehicle. However, the record reflects that the City presented other admissible evidence that also directly contradicted his witness' testimony. Consequently, we find that the jury could have convicted Stalnaker solely on the testimony of the City's witnesses, without the unauthenticated 911 tape. Accordingly, we find that Stalnaker cannot establish that the jury's result would have been different had the trial court excluded the 911 tape. Stalnaker's second assignment of error is overruled.
 III. {¶ 14} Stalnaker's assignments of error are overruled, and the judgment of the City of Akron Municipal Court is affirmed. *Page 7 
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
CARR, P. J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1